No. 25,731.

AUGUST WALTERS, Jr., *Appellant,* v. THE WESTERN AUTOMOBILE INSURANCE COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

AUTOMOBILE INSURANCE—*Forms of Policies Not Officially Approved by Insurance Commissioner—Policies Valid and Enforceable.* Where the statute requires an insurance company to use only such forms in its policies as have been approved by the insurance superintendent, policies issued by it on forms which have not been so approved are not on that account void or unenforceable; the company is liable on such a policy where a loss occurs before its cancellation, and where no loss has occurred the insured cannot recover from the company what he has paid for past insurance.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed June 7, 1924. Affirmed.

*John L. Connolly,* of Fort Scott, for the appellant.

*Douglas Hudson,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

MASON, J.: August Walters, jr., procured various policies of insurance against losses occasioned by the operation of several automobiles owned by him, issued by the Western Automobile Insurance Company, a mutual association incorporated under the Kansas statutes relating to insurance of that character. (R. S. 40-901 to 40-909.) The statute requires that the forms of policies issued by such companies shall be approved by the state superintendent of insurance. The policies issued to Walters were not so approved. The company has received from him for these policies the sum of $121.85, which it still retains. He brought this action seeking the recovery of that amount on the ground that the policies were illegal and void and had afforded him no protection. Judgment was rendered in favor of the defendant, declaring the policies to have been based upon a valid consideration, and the plaintiff appeals.

An application for mandamus, made by former holders of policies like those issued to the plaintiff, to compel the officers of the company to permit an inspection of its books, was refused by this court on the ground that the applicants had ceased to be members through the cancellation of their policies. (*Olson v. Automobile Insurance Co.,* 115 Kan. 227, 222 Pac. 104.) In the opinion it was said that the policies were unlawful and that doing business by use of such

policies was doing business without authority and contrary to law. (pp. 230, 231.) The plaintiff in the present case relies upon that language as supporting his contention that the policies afforded no consideration for the money paid for them, and therefore that he is entitled to its return. He also cites cases holding that a mutual insurance company authorized by statute to write insurance only for its members may successfully resist payment of policies issued to nonmembers.

In *Olson v. Automobile Insurance Co.*, supra, the question at issue was the right of the company to cancel policies the form of which had not been approved by the insurance superintendent, and the cancellation of which had been directed by that officer. The policies explicitly and unconditionally stated that such cancellation might be made by the company on five days' written notice, the unearned portion of the premium to be returned. It was held that whether or not the company could "for purely tactical reasons" cancel any policy it saw fit containing that clause, it could do so if the form employed lacked the superintendent's approval. The court did not decide, did not say and did not intend to suggest that the policies so long as they remained outstanding were void or unenforceable. Throughout the opinion the fact that before the cancellation of the policies their holders were members of the company was fully recognized. The terms "unlawful" as applied to the policies, and "contrary to law" as applied to the doing of business by means of such policies, are to be interpreted in the light of the facts of the case in which they were used. The conduct of the company was merely irregular, rather than illegal in such a sense as to render the result void. The policies held by the plaintiff were valid contracts as between him and the company until they were canceled. Had a loss occurred the company could have been compelled to pay. The earned portion of the premium belongs to the company in return for the protection afforded, which constituted a valuable consideration for the payment. This view is in accordance with principles on which prior decisions of this court have been based, and which have become a part of the settled law of the state. (*The State v. Book Co.*, 69 Kan. 1, 76 Pac. 411; *Harris v. Gas Co.*, 76 Kan. 750, 92 Pac. 1123.)

It has been specifically held elsewhere that, upon the theory of estoppel, "A life insurance policy is valid and enforceable, even though issued without filing the form thereof with, and securing its

approval by the commissioner of insurance, as required by statute." (*Graf v. Employers' L. A. Corpn.*, 190 Iowa 445, syl. ¶ 1.) We base our decision, however, upon the ground that whatever rule may obtain elsewhere, and whether or not the principle applied is strictly that of estoppel, the law of Kansas will not permit an insurance company to deny its liability because of its failure to follow the statute requiring official approval of forms used in its policies, nor will it permit a policyholder to recover on that ground the part of his premium apportioned to the period before its cancellation.

The judgment is affirmed.