Argued December 19, 1933; affirmed January 23; rehearing
denied February 13, 1934

# HALL *v.* METROPOLITAN LIFE INSURANCE CO.

(28 P. (2d) 875)

*Chester A. Sheppard,* of Portland (Sheppard &
Phillips and Harley W. Allen, all of Portland, on the
brief), for appellant.

*Richard W. Montague,* of Portland (Wood, Mon-
tague, Matthiessen & Rankin, of Portland, on the brief),
for respondent.

BAILEY, J. On or about September 13, 1930, Karl Jacob paid to the defendant, Metropolitan Life Insurance Company, the sum of $3,000 for an annuity contract. As a consideration for this payment, the defendant agreed to pay to Karl Jacob the sum of $15.87 per month as long as he might live. Jacob died on July 28, 1931, and thereafter Harry E. Hall was duly appointed as executor of his estate. This action is brought by Hall as executor to recover the sum of $2,841.30, which represents the difference between the $3,000 paid by Jacob and the sum of $158.70 repaid by the defendant as monthly installments on the annuity contract.

At the time this contract was entered into, the defendant, a foreign corporation, was licensed to do business in the state of Oregon as an insurance company. It had not, however, at that time filed with the insurance commissioner of the state of Oregon the particular form of contract entered into with plaintiff's decedent.

Section 46-509, Oregon Code 1930, a part of the general insurance code enacted in 1917 (chapter 203, Laws 1917), provides as follows:

"A policy of life insurance shall not be issued or delivered in this state until the form of the same has been filed with the insurance commissioner, nor if the insurance commissioner give written notice within thirty days of such filing, to the company proposing to issue it showing wherein the form of such policy does not comply with the requirements of the laws of this state."

It is the contention of the plaintiff that under the provisions of the foregoing section the defendant insurance company was prohibited from issuing or delivering the annuity contract here involved, because

it had not, prior thereto, filed with the insurance commissioner the form of said contract; that, due to such failure on the part of the defendant insurance company, the contract here in litigation was illegal and void; and that the payment of said $3,000 by Jacob was without consideration.

The plaintiff argues that the legislature in the enactment of the general insurance code in 1917 intended to require the form of a contract of annuity, before being issued or delivered, to be filed with the insurance commissioner, and that the phrase "policy of life insurance", as the same is used in § 46-509, supra, includes within its meaning such a contract.

■ In order to determine the intention of the legislature in any enactment it is necessary to consider the statute as a whole. In so doing, the title of the act in many instances may explain uncertainties and ambiguities which occur in the body of the act. The title of chapter 203, Laws 1917, is as follows: "An act to provide for the regulation and supervision of insurance in the state of Oregon, other than state industrial accident insurance, and repealing" numerous sections of Lord's Oregon Laws and certain chapters of the session laws enacted subsequent to that compilation.

■ Section 1 of the act, now § 46-101, Oregon Code 1930, defines insurance as follows:

"Insurance is a contract whereby one undertakes to indemnify another against loss, damage or liability arising from an unknown or contingent event, whereby the insured. or his beneficiary suffers loss or injury."

It is apparent that the word "insurance" as used in the foregoing definition does not include a contract of annuity, especially such a contract of annuity as is involved in the instant case. The contract before us does not undertake to indemnify Karl Jacob or any

one else against loss, damage or liability arising from an unknown or contingent event whereby Jacob suffers loss or injury.

There are, however, other sections of the code which have a direct or indirect bearing upon the question before this court. Subdivision 1 of § 46-117 defines an insurance company in the following language:

"A company, association, partnership or individual engaged in the business of insurance, or suretyship, or of guaranteeing against liability, loss or damage, or of entering into contracts substantially amounting to insurance, shall be deemed an insurance company and shall not transact such business unless the business is authorized or permitted by the laws of the state of Oregon, and all laws regulating the same and applicable thereto have been complied with."

Subdivision 2 of the same section classifies and separates different kinds of insurance and, so far as bearing on the question before us, is as follows:

"(2) A company may be licensed to make any or all insurance and reinsurance comprised in any one of the following numbered subdivisions:  *  *  *

"Second. Life Insurance.—On the lives of persons and every insurance appertaining thereto or connected therewith, including endowments, and to grant disability benefits and purchase or dispose of annuities."

Subdivision 2 of § 46-126 provides a penalty in case of certain violations of the act and is as follows:

"If any insurance company, corporation or association, its agents or attorney, shall solicit insurance in this state or shall issue a policy therein without having complied with the laws of this state, the company, corporation, or association, or its agent, or attorney, so issuing the policy or accepting the application for the same, shall be guilty of a misdemeanor and shall be subject to a fine of not exceeding one hundred dollars."

Section 46-135 provides a penalty to apply in cases in which no other specific penalty is mentioned, for the violation of any other provisions of the insurance code, and is in the following language:

"Any person, corporation, association or partnership who violates any of the provisions of this law, or fails to comply with any duty imposed upon him or it by any provision of this law, for which violation or failure no penalty is elsewhere provided by the laws of this state, shall be fined not exceeding one hundred dollars."

The parts of the statute to which we have already referred, with the exception of § 46-509, supra, are included in the general provisions relating to all classes of insurance covered by the code.

Now we shall refer briefly to certain sections relating to life insurance and life insurance companies. A life insurance company is defined by § 46-501 in the following language:

"All corporations, associations, partnerships, or individuals, doing business in this state under any charter, compact, agreement, or statute of this or any other state, involving the payment of money or other things of value to families or representatives of policy or certificate holders, or members, conditioned upon the continuance or cessation of human life, or involving an insurance, guaranty, contract or pledge for the payment of endowments or annuities, shall be deemed to be life insurance companies and shall be subject to this act, except as otherwise provided in this act."

It will be noticed that in the foregoing section certain associations, corporations, etc., are defined as life insurance companies, even though their only business is the issuance and delivery of annuity contracts; but there is nothing contained in that section which defines such contracts as life insurance policies.

Section 46-506 requires policies of life insurance, "other than industrial insurance, annuities and pure endowments," to contain, in substance, certain provisions which are there set forth. The next section of the code, 46-507, provides that no policy of life insurance, "other than industrial insurance, annuities and pure endowments," shall be issued or delivered if containing certain designated provisions. Section 46-508 amplifies the provisions of the two immediately preceding sections with reference to interest on loans on life insurance policies.

Then follows § 46-509, hereinbefore set out in full, providing that no policy of life insurance shall be issued or delivered until the form thereof has been filed with the commissioner. It is on the alleged failure of the defendant company to comply with the requirements of this section that the plaintiff predicates his right of recovery.

■ It is obvious that § 46-509 was intended to enable the commissioner to determine, by inspection of policy forms, the compliance or noncompliance by insurance companies with the requirements of §§ 46-506 and 46-507. The insurance code, however, fails to specify what provisions shall or shall not be incorporated in annuity contracts, and therefore while the requirement of § 46-509 undoubtedly is mandatory as to what is ordinarily termed a life insurance policy, its applicability to annuity contracts is not apparent.

By excepting annuity contracts from the provisions of §§ 46-506 and 46-507 the legislature apparently intended to make certain and definite the kinds and classes of policies referred to therein, rather than to define life insurance policies as including annuity contracts. Had the legislature intended to include in the term "policy of life insurance" contracts of annuity,

it would seem that some more direct means would have been adopted than merely creating an implication by mentioning annuity contracts in the stated exception to certain requirements of the statute applying to life insurance policies.

The courts recognize the distinction between life insurance and annuities: *People v. Security Life Insurance and Annuity Co.,* 78 N. Y. 114 (34 Am. Rep. 522); *Commonwealth v. Metropolitan Life Insurance Co.,* 254 Pa. 510 (98 Atl. 1072); *People ex rel. Metropolitan Life Insurance Co. v. Tax Commission,* 193 App. Div. 413 (184 N. Y. S. 345) affirmed, 231 N. Y. 630 (132 N. E. 916).

The legislature of this state in 1933, in order to make certain that no contract of annuity should be issued or delivered until the form thereof had been filed with the insurance commissioner, amended § 46-509 by including after the words "policy of life insurance" the following: "endowment or annuity contract": chapter 99, Oregon Laws, 1933.

With this serious doubt existing as to whether or not § 46-509 includes contracts of annuity, and when no one has been injured, this court ought to be slow to declare void an annuity contract issued and delivered before the form thereof was filed with the insurance commissioner, as occurred in this case.

The insurance code designates various penalties for violation of specific provisions thereof, and a general penalty for cases of violation not covered by specific penalties. There is nothing in the act itself to indicate that the legislature intended that even in cases covered by § 46-509 failure to comply with the provisions of that section should render an insurance policy void. Such failure would not invalidate the policy but would subject the company issuing it to the payment of a fine.

In this connection, see: *Graf v. Employes' Liability Assurance Corporation,* 190 Iowa 445 (180 N. W. 297); *Walters v. Western Automobile Insurance Co.,* 116 Kan. 404 (226 P. 746); *Southern Casualty Co. v. Hughes,* 33 Ariz. 206 (263 P. 584); *Harris v. Runnels,* 12 How. 79 (13 L. Ed. 901); *Adams Express Co. v. Darden,* 286 Fed. 61; *Dunlop v. Mercer,* 156 Fed. 545; *American National Insurance Company v. Tabor,* 111 Tex. 155 (230 S. W. 397); *Uhlmann v. Kin Daw,* 97 Or. 681 (193 P. 435).

The judgment appealed from is affirmed.

BEAN and CAMPBELL, JJ., concur.

RAND, C. J., concurs in the result.