STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A CORPORATION, APPELLANT, v. CHARLES W. PIERCE ET AL., APPELLEES.

157 N. W. 2d 399

Filed March 22, 1968. No. 36739.

Fraser, Stryker, Marshall & Veach and James A. Buckley, for appellant.

Story, Carl & Parker, for appellees Pierce.

Sodoro & Meares, for appellee Great Plains Ins. Co.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for a declaratory judgment. The controversy concerns the validity of a driver exclusion agreement executed by the plaintiff, State Farm Mutual Automobile Insurance Company, and its named insureds, Charles W. Pierce and Elsie R. Pierce.

The agreement in question was an endorsement to a liability policy insuring a 1963 Ford automobile. The policy had been issued for a 6-month period commencing December 5, 1960, and had been renewed for successive 6-month periods by payment of renewal premiums. The policy restricted the plaintiff's right of cancellation but provided that the plaintiff could refuse renewal by notifying the named insureds 45 days before expiration of any policy period. The record indicates that the policy was terminated June 5, 1965, and reinstated "Time Out Of Force," June 26, 1965.

Darwin Meredith is the stepson of Charles W. Pierce and the son of Mrs. Pierce. In October 1963, Meredith was convicted of careless driving. In February 1964, he was convicted of negligent driving. On May 12, 1964, the plaintiff wrote to its agent requesting that he obtain the named insureds' signatures to the driver exclusion agreement, stating that if the documents were not executed, the policy would be terminated at the next renewal date.

The driver exclusion agreement was then signed by Mr. and Mrs. Pierce and returned to the plaintiff. The agreement became effective June 1, 1964, and provided that the plaintiff would not be liable under its policy for any loss or damage sustained while the insured automobile was being driven or operated by Darwin Meredith except when accompanied by the named insured or spouse. It further provided that it would be included

in any transfer, reinstatement, or renewal of the policy. The form of the agreement has been approved by the Nebraska Department of Insurance since, 1954.

In November 1965, the Great Plains Insurance Company issued a "NON OWNER" automobile liability insurance policy to Darwin R. Meredith.

On December 5, 1965, Darwin Meredith was involved in an automobile accident while operating the 1963 Ford automobile. He was not accompanied by Mr. or Mrs. Pierce at the time of the accident, but was driving the automobile with their permission. Damage actions were brought against Meredith and Mr. and Mrs. Pierce as a result of the accident.

The plaintiff investigated the accident and advised Mr. and Mrs. Pierce that it had determined that there was no liability under its policy. This action was commenced on June 28, 1966.

The trial court found that the driver exclusion agreement was void as against public policy, and for lack of consideration; that the policy of the plaintiff afforded primary coverage; and that the Great Plains policy provided excess coverage. The plaintiff's motion for new trial was overruled and it has appealed.

The controversy here is between an insurance carrier which attempted to contract against the risk of a particular driver as opposed to a carrier who specifically assumed the risk of that driver.

The trial court's finding that the driver exclusion agreement was void as against public policy is based upon an interpretation of section 60-534, R. S. Supp., 1965. This section, which has sometimes been referred to as the omnibus statute, is a part of the Motor Vehicle Safety Responsibility Act. Nebraska has no general omnibus statute. Section 60-534, R. S. Supp., 1965, provides in part: "Such motor vehicle liability policy: * * * (2) shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied

permission of such named insured, * * *." The driver exclusion agreement is in conflict with this provision of the statute. If the statute is applicable to the policy issued by the plaintiff, the agreement is void.

The defendants rely upon Protective Fire & Cas. Co. v. Cornelius, 176 Neb. 75, 125 N. W. 2d 179, decided in 1963, which held that section 60-534, R. R. S. 1943, was controlling over a conflicting policy provision with reference to the use of the insured automobile.

In 1965, the Motor Vehicle Safety Responsibility Act was amended to provide specifically that sections 60-516 to 60-544, R. R. S. 1943, shall not apply to any automobile liability policy which has not been certified as provided by sections 60-528 to 60-531, R. R. S. 1943. § 60-561, R. S. Supp., 1965.

There is no contention in this case that the policy issued by the plaintiff was "certified" as proof of financial responsibility. The question is whether section 60-534, R. S. Supp., 1965, is applicable to the policy issued by the plaintiff in view of the 1965 amendment which restricts its application to policies which have been certified as proof of financial responsibility.

The 1965 amendment to the Motor Vehicle Safety Responsibility Act became effective November 18, 1965. Under the terms of the policy issued by the plaintiff, a new policy period commenced at 12:01 a.m., on December 5, 1965. The accident happened shortly thereafter. It is generally held that a renewal contract is subject to the laws in force at the time it is effected. See, Brady v. Northwestern Ins. Co., 11 Mich. 425; 44 C. J. S., Insurance, § 283, p. 1125; 17 Couch on Insurance 2d, § 68:64, p. 700.

Under the facts and circumstances in this case, section 60-534, R. S. Supp., 1965, had no application to the policy issued by the plaintiff at the time the loss occurred. The finding that the driver exclusion agreement was void as against public policy cannot be sus-

tained. It is unnecessary to discuss the other contentions of the plaintiff in regard to this issue.

At the time the driver exclusion agreement was executed, the plaintiff made no reduction in the premium charged. The defendants argue that an agreement to modify the coverage of an existing insurance policy requires consideration, and contend that the agreement in this case was void for lack of consideration.

The plaintiff contends that forbearance from exercising its right of termination was sufficient consideration to support the agreement. In a similar case, forbearance from exercising a right of cancellation has been held to be sufficient consideration to support a modification. Johnson v. Central Nat. Ins. Co., 210 Tenn. 24, 356 S. W. 2d 277. See, also, Ellis v. Southern Farm Bureau Cas. Ins. Co., 233 Miss. 840, 103 So. 2d 357; Massachusetts Bonding & Ins. Co. v. Florence (Tex. Civ. App.), 216 S. W. 471; Federal Life & Cas. Co. v. Robinson (Ala. App.), 178 So. 549; Casano v. Cook (La. App.), 157 So. 2d 616. Although there is authority to the contrary, we think the better rule is that forbearance from exercising a right of cancellation will support a reduction in coverage. The right of termination involved in this case is similar and the same rule should apply. The finding that the driver exclusion agreement was void for lack of consideration cannot be sustained.

The Great Plains Insurance Company further contends that the plaintiff is estopped to deny coverage. This contention is based upon the fact that the plaintiff made a complete investigation of the accident but did not formally disclaim coverage until June 29, 1966. The trial court made no finding with respect to this issue.

The policy issued by the plaintiff insured the 1963 Ford automobile which was involved in the accident. Until the plaintiff had determined what the facts and circumstances were surrounding the accident, it would not know whether its policy provided coverage or not.

There is no basis here upon which the plaintiff could be held to be estopped to deny coverage.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.