ROSE M. WORKMAN ET AL., APPELLEES, V. GREAT PLAINS INSURANCE 'CO., INC., A CORPORATION, APPELLANT.

200 N. W. 2d 8

Filed August 4, 1972. No. 38270.

Bernard Wishnow and Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellant.

Richard H. Williams of Nelson, Harding, Marchetti, Leonard & Tate, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action for a declaratory judgment to determine whether the coverage of an automobile liability insurance policy extended to a sister of the named insured, who was driving the insured vehicle with permission. The critical issues involve an "omnibus" clause and an endorsement which excluded "all other drivers except the named insured" from coverage.

The owner's insurance policy involved was issued to the plaintiff, Rose M. Workman, upon an application signed by her January 26, 1966, and covered the period ending July 26, 1966. The policy contained an "omnibus" clause which included as an insured any person using the automobile with the permission of Rose M. Workman. There was also an endorsement issued headed: "ENDORSEMENT VOIDING AUTOMOBILE INSURANCE WHILE A CERTAIN PERSON IS OPERATING CAR." It contained printed language: "(T)he company shall not be liable for loss, damage, and/or liability caused while the automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated by the following named person." It then named Gary Workman and Jerry Workman, brothers of the insured. The printed form of the basic policy and the printed form of the endorsement had both been approved by the Nebraska Department of Insurance.

The policy was renewed from time to time by the issuance of renewal certificates. In April 1968, the description of the insured vehicle was changed and the name of Rose M. Workman's sister, Janice, was noted as a driver, apparently for the purpose of premium computation.

On July 29, 1968, Rose M. Workman requested the insurance company to cancel Janice Workman from the policy because she would no longer be driving the car. The policy was then renewed for the period from July 31, 1968, to January 31, 1969, including the omnibus clause. An endorsement was also issued on the identical form which had previously excluded Rose M. Workman's two brothers. It too contained in large letters at the top the words "ENDORSEMENT VOIDING AUTOMOBILE INSURANCE WHILE A CERTAIN PERSON IS OPERATING CAR." The endorsement applied to all coverages and provided in the printed portion: "(T)he company shall not be liable for loss, damage, and/or liability caused while the automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated by the following named person." The words "the following named person" were stricken and the company typed in the blank space below: "All other drivers except the named Insured." The endorsement concluded that "in all other respects this policy remains unchanged."

On November 30, 1968, the insured vehicle was involved in an accident while it was being driven by Wuanita Workman, another sister of Rose M. Workman. She was driving the vehicle with the permission of Rose M. Workman. Following the accident, the defendant insurance company advised Rose that it had no obligations with respect to the accident because the endorsement excluded all other drivers except Rose. This action was then commenced by Rose M. Workman and Wuanita Workman.

The district court specifically found that the policy contained an omnibus clause; that the endorsement excluding "all other persons except the named insured" was on a form which had been approved by the Department of Insurance but that the manner in which the endorsement was used was not in the form approved by the Department of Insurance as required by section

44-348, R. R. S. 1943; and said endorsement was void and of no force and effect and contrary to the public policy of the State of Nebraska. The district court determined that the liability insurance policy was in full force and effect at the time of the accident; required the defendant insurance company to assume the duties of coverage; and allowed an attorney's fee for plaintiffs' attorneys for services in the district court.

The crucial issue in this case revolves around the printed endorsement form which was altered and used by the insurance company as an endorsement on an approved insurance policy form. The regular policy form contained an unrestricted omnibus clause which included as an insured, any person using the automobile with the permission of the named insured. This omnibus coverage was not directly revoked, amended, or even referred to in the endorsement. The defendant insurance company asserts that there is no statute, and therefore no public policy, which prohibits the use of such an altered endorsement form, and that the insurance company has the right to limit its liability and to impose restrictions and conditions upon its contractual obligations as it wishes. This argument ignores section 44-348, R. R. S. 1943, which provides: "No insurance policy or certificate of any kind shall be issued or delivered in this state unless and until a copy of the form thereof has been filed with the Department of Insurance, and approved by it."

It is obvious that the public policy of the State of Nebraska as to insurance may be expressed and enforced by the Department of Insurance through the exercise of its powers under this and other statutes, as well as by the Legislature in the enactment of specific statutes. The representative of the Department of Insurance who testified in this case was the individual who had reviewed and approved the printed form of endorsement relied on by the insurance company here. He testified that he had never approved an endorsement which would

eliminate coverage for all drivers other than the named insured. He also testified that the Department of Insurance guidelines with reference to the approval of exclusionary endorsements from coverage would only allow approval of a restrictive endorsement "where the endorsement eliminates coverage on a named individual or on a reasonable group * * *." It is clear that the printed form of endorsement which was approved by the Department of Insurance clearly fell within the guideline approval limits while the endorsement as altered by the defendant was completely outside the guidelines.

The altered endorsement by the defendant company came in response to a written request by the plaintiff to cancel Janice Workman from the policy. This could have been easily accomplished by simply inserting Janice' name in the approved form of printed endorsement. Instead, the defendant altered the approved endorsement form to the extent that it not only changed its character, but also completely revoked the omnibus clause contained in the principal policy, without any mention whatever of that omnibus clause in the endorsement. In fact, the endorsement concluded with a recitation that except for the endorsement, the original policy remained unchanged. To say the least, the action of the insurance company created a direct ambiguity and conflict in the policy which was misleading. The Department of Insurance certainly had the authority to carry out the public policy of the State of Nebraska to prevent misleading or ambiguous insurance policies. Although the statutory requirement of an omnibus clause currently applies only to a policy certified under the Financial Responsibility Act, nevertheless it is clear that the public policy interest of the state in automobile liability insurance policies extends not only to the protection of the public who may be injured by the operation of automobiles but also to the protection of the insured.

We have been cited to no cases directly in point on the factual issues here. Cases such as Jones v. Mid-South Insurance Co., 358 F. 2d 887, and State Farm Mut. Auto. Ins. Co. v. Pierce, 182 Neb. 805, 157 N. W. 2d 399, are not applicable. In Jones, the policy did not contain an omnibus clause at all, nor was there any evidence that the policy as written would not have been approved by the Louisiana law. In Pierce, this court specifically held that the statutory requirement of an omnibus clause was limited to a "certified" policy and that an endorsement excluding coverage for a particular named driver is not void as against public policy. The original endorsement form approved in this case falls directly within the holding of Pierce. It should be noted also that regardless of whether an omnibus clause was or was not required by statute or was or was not required by the Department of Insurance, it was contained in the policy written here, and the form had been approved by the Department of Insurance.

The defendant takes the position that the change in the approved endorsement form was a mere minor variation of that form and that such individual variations do not require approval by the Department of Insurance. Section 44-348, R. R. S. 1943, does not prohibit the insurance company from printing in or attaching to an insurance policy additional or altered terms or conditions not found in the standard approved form, provided they are not inconsistent with or a waiver of any of the provisions of such authorized approved form. Provisions not in conflict with the provisions of such an approved form may be added when necessary to express the terms of a contract of insurance which is authorized. See, Onstad v. Minnesota Mut. Life Ins. Co.; 226 Minn. 546, 33 N. W. 2d 691; Heim v. American Alliance Ins. Co., 147 Minn. 283, 180 N. W. 225. It is obvious that the alterations of the approved form of endorsement here were not only inconsistent with the endorsement but also with the principal policy form.

The alterations made here were also directly conflicting with the omnibus clause contained in the approved basic policy form. In fact, the alterations constituted a complete waiver and cancellation of the omnibus clause without even a reference to the change effected. Such variations are by no means minor nor are they in any sense necessary to express the terms of an authorized contract of insurance.

A jury was waived in the trial court and the trial judge specifically found that the policy here contained an omnibus clause; that the endorsement form approved by the Department of Insurance permitted the exclusion of named individuals, but did not authorize the exclusion of "all other persons except the named insured." The trial court also found that the endorsement as altered here was not in the form approved by the Department of Insurance and was contrary to the public policy of the State of Nebraska and therefore void and of no effect. The findings of a court in a law action in which a jury is waived have the effect of a verdict of a jury and will not be disturbed on appeal unless clearly wrong. State Farm Mutual Auto. Ins. Co. v. Kersey, 171 Neb. 212, 106 N. W. 2d 31. Here there is ample evidence to support the trial court's findings and they were clearly correct.

The defendant also asserts that the allowance of attorney's fees to the plaintiff was not authorized because the action here was not an action "at law." Section 44-359, R. R. S. 1943, at the times involved here, provided in part as follows: "In all cases where the beneficiary, or other person entitled thereto, brings an action at law upon any policy of * * * insurance * * *, the court, upon rendering judgment against such company, * * * shall allow * * * a reasonable * * * attorney's fee * * *." In 1971, the Legislature made the section applicable to "an action upon any type of insurance policy" and removed the term "at law." The defendant contends that a declaratory judgment action is not an

action "at law" unless it involves the recovery of a money judgment. It is of course correct that generally speaking declaratory judgment proceedings are probably neither legal nor equitable but sui generis. In any event, this court has previously treated a declaratory judgment action seeking to determine whether insurance coverage is applicable in particular instances or to particular persons as an action at law. See, Hawkeye Casualty Co. v. Stoker, 154 Neb. 466, 48 N. W. 2d 623; State Farm Mutual Auto. Ins. Co. v. Kersey, 171 Neb. 212, 106 N. W. 2d 31. A jury was specifically waived in the trial court. The nature of the action here is not to impose equitable terms on disputing parties, but to determine fixed legal rights. The action here takes the place of what would be a later action for money damages. That does not change the nature of the action nor make the statute inapplicable.

The judgment of the district court was correct in all respects, and is affirmed. The plaintiffs are allowed an attorney's fee of $1,000 for services in this court.

AFFIRMED.

BOSLAUGH, J., dissenting.

The effect of the majority opinion is to declare void any endorsement to an insurance policy that makes any change of substance in the policy if the form of the endorsement has not been approved by the Department of Insurance under section 44-348, R. R. S. 1943. I do not agree that this is a correct statement of the law.

It has long been the rule that parties may contract for any lawful insurance coverage. An insurer may limit its liability and impose restrictions and conditions upon its contractual obligations not inconsistent with public policy or statute. Mills v. Aetna Ins. Co., 168 Neb. 612, 96 N. W. 2d 721. Public policy is a matter of law, not fact, and the findings of the trial court on such an issue are not controlling.

The parties stipulated that the endorsement in question in this case was delivered to the plaintiff and signed

by her on or about July 31, 1968. The following appears above her signature on the endorsement: "In consideration of the reduced premium the named insured accepts this endorsement as witness his signature: and has read and understands the contents thereof and consents to the limitation of the policy."

An omnibus clause is not a standard provision or statutory clause in an automobile liability insurance policy in Nebraska and there is no public policy that requires it be included in such policies. It is clear the Legislature has limited the statutory requirement to a policy certified under the Financial Responsibility Act. See §§ 60-533 and 60-534, R. R. S. 1943. The policy involved in this case was not certified.

The purpose of the requirement that policy forms be filed and approved is to protect the public from clauses which mislead, deceive, or unreasonably deny coverage granted in general provisions. A failure to comply with such a statute may result in the insurer being subject to a penalty, but the policy is not void. See, Progressive Mutual Ins. Co. v. Taylor, 35 Mich. App. 633, 193 N. W. 2d 54; Graf v. Employers' Liability Assurance Corp., 190 Iowa 445, 180 N. W. 297; Walters v. Western Automobile Ins. Co., 116 Kan. 404, 226 P. 746; Southern Casualty Co. v. Hughes, 33 Ariz. 206, 263 P. 584; Hall v. Metropolitan Life Ins. Co., 146 Ore. 32, 28 P. 2d 875.

WHITE, C. J., joins in this dissent.