STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE, v. EARL B. SELDERS, APPELLANT, IMPLEADED WITH ILA SELDERS ET AL., APPELLEES.

202 N. W. 2d 625

Filed December 1, 1972. No. 38481.

Moyer & Moyer, for appellant.

Deutsch & Hagen and Thomas H. DeLay, for appellee State Farm Mut. Auto. Ins. Co.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This appeal involves the question of the right to an allowance of attorney's fees under section 44-359, R. S. Supp., 1972. The defendant (appellant here), Earl B. Selders, was successful in this court in an action for a declaratory judgment initiated by the plaintiff in having determined that his deceased children, victims of an uninsured motorist, were insureds under the policy issued to him. The children thus came within the uninsured motorist coverage of that policy. We held that Selders would be entitled to recover under the policy for losses he incurred by reason of the death of the children if the uninsured motorist was liable. See State Farm Mut. Auto. Ins. Co. v. Selders, 187 Neb. 342, 190 N. W. 2d 789. Upon remand Selders filed motion for judgment on the mandate and allowance of attorney's fees as part of the costs. At that time no judgment had been rendered in an action pending against the uninsured motorist. The allowance of attorney's fees was denied. The defendant filed motion for new trial which was overruled and he appealed.

Selders relies upon our recent decision in Workman v. Great Plains Ins. Co., Inc., *ante* p. 22, 200 N. W. 2d 8, where we held in an action by the insured for a declaratory judgment to determine policy coverage that section 44-359, R. R. S. 1943, was applicable to an action for declaratory judgment by the insured and supported the allowance of an attorney's fee. We are now asked to extend that holding to this case where the insurer brings the action and the insured prevails.

The plaintiff cites and relies upon Cunningham v. Northwestern Mut. Life Ins. Co., 148 Neb. 250, 27 N. W. 2d 221. The case is clearly distinguishable on two grounds. At the time of that action the statute provided for attorney's fees only in "an action at law" upon

the policy. As we pointed out in Workman v. Great Plains Ins. Co., Inc., *supra,* the Legislature amended the statute to strike the words "at law." The recited purpose of the amendment as set forth in the title to L.B. 958, Laws 1971, was "to broaden the scope of the awarding of attorney fees as prescribed." It can be argued that certain language in the act is subject to the interpretation that applies only where the object of the action is a money judgment. Our decision in Workman rejects this contention without noting the contention specifically. Under the provisions of the act the only exception to allowance of attorney's fees appears to be where the action is for a money judgment and the insurer has offered to confess judgment under section 25-901, R. R. S. 1943, and the insured has failed to recover more than was offered.

We do not think the allowance of the attorney's fee should depend upon who brings the action. The insured prevailed and the allowance of attorney's fee is under the circumstances within the purposes of the statute as interpreted by this court in Workman v. Great Plains Ins. Co., Inc., *supra.* At the time the trial court made its order in this case Workman v. Great Plains Ins. Co., Inc., *supra,* had not been decided.

Cunningham v. Northwestern Mut. Life Ins. Co., *supra,* was not an action upon the policy in the ordinary sense of that term. That was an action by the insured during his lifetime to have a determination made as to whether a premium upon his life insurance policy had been paid in time and so avoid a forfeiture of the policy.

The plaintiff contends that no attorney's fees can be allowed because the defendant presented no evidence from which the reasonable value of the services could be determined. The plaintiff says that Luikart v. Flannigan, 130 Neb. 901, 267 N. W. 165, cited by the defendant, in which this court held an allowance of attorney's fees was supported by the record independently of any

evidence of reasonable value, does not apply because the trial judge who ruled on the motion for attorney's fees did not preside at the declaratory judgment hearing. Luikart v. Flannigan, *supra*, does not stand for the proposition that only the presiding judge may make an award of attorney's fees without specific evidence of the value thereof. That case points out that the judge is one who has the knowledge of the value of legal services and may rely upon the record for a determination of the amount to be allowed.

In the instant case the judge by whom the motion for attorney's fees was heard had available to him by reason of the previous appeal the trial record in the form of the bill of exceptions used in the appeal in the declaratory judgment action. No doubt the judge conducting the trial has a more detailed and personal knowledge of the services rendered. Certainly either the presiding judge or the judge who hears the motion for attorney's fees may receive additional evidence of value. In this case the record supports an inference that the court denied the attorney's fees, not because of lack of evidence of value, but because it considered that the defendant as a matter of law was not entitled to an award of attorney's fees under the statute.

That part of the judgment of the court below denying the allowance of the attorney's fees is reversed and the cause is remanded with directions for further proceedings consonant with this opinion. The defendant is allowed a fee of $250 for services of his attorney in this court.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.