EQUITY MUTUAL INSURANCE COMPANY, A CORPORATION, APPELLANT, V. ALLSTATE INSURANCE COMPANY, A CORPORATION, ET AL., APPELLEES.

209 N. W. 2d 592

Filed July 13, 1973. No. 38951.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellant.

D. Nick Caporale of Schmidt, Ford, Mooney, Frederick & Caporale, Robert G. Fraser, and Ray C. Simmons, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a declaratory judgment action brought by the plaintiff, Equity Mutual Insurance Company, to determine whether its automobile liability insurance policy or that of the defendant, Allstate Insurance Company, offered primary coverage for the automobile accident involved here. Demurrers of the defendants were sustained and Equity Mutual has appealed.

In 1969, the plaintiff issued its automobile liability insurance policy to Sandra L. Shaw, the owner and named insured. The policy bore a printed endorsement titled "Exclusion of Additional Interests Endorsement," and recited: "In consideration of the issuance or continuance of this policy by the company, it is mutually understood and agreed that:

"1. Paragraph (a) (2) of Persons Insured under Part I-Liability is amended to read as follows: 'any other person using such automobile, provided the actual use thereof is with the permission of the named insured and such person so using the automobile is over the age of twenty-five (25) years.'" The endorsement did not apply to the named insured or any resident of the named insured's household. The endorsement was signed and accepted by Sandra L. Shaw, the named insured. The policy form, except for the endorsement, had been filed with and approved by the Department of Insurance before the policy was issued and delivered. The endorse-

ment form had not been filed with nor approved by the Department of Insurance at the time of the issuance of the policy but was filed with and approved by the Department of Insurance sometime later.

On February 26, 1971, while the insurance policy was in full force, the defendant, Rodney Morgan, was operating the Shaw automobile with the permission of Sandra L. Shaw when it was involved in an accident which caused damage to an automobile owned by Roy O. Bowers. At the time of the accident Morgan was less than 25 years old. Plaintiff notified Sandra L. Shaw, its insured, and Rodney Morgan that its insurance did not apply. At the time of the accident Rodney Morgan was the named insured in an automobile liability insurance policy issued by Allstate Insurance Company and that policy was also in full force and effect. The liability insurance carrier for Bowers had paid for the damages of $3,323 and became subrogated to Bowers' rights to that extent. Bowers' insurance carrier threatened suit against Rodney Morgan for its claim. The plaintiff here, Equity Mutual Insurance Company, demanded that Allstate Insurance Company, Rodney Morgan's liability carrier, undertake the defense and/or payment of the claim but Allstate refused. This declaratory judgment action followed.

The defendants demurred to plaintiff's petition upon the ground that the restrictive endorsement was void because it had not been filed with and approved by the Department of Insurance, and plaintiff's insurance was therefore primary. The District Court sustained the demurrers and dismissed plaintiff's petition.

The sole issue here is whether a form of printed endorsement to an automobile liability insurance policy which makes a substantial restrictive amendment to the coverage of the policy is void because the endorsement form was not filed with and approved by the Department of Insurance before the policy was issued and delivered. The defendants' case rests on that conten-

tion. The twin supports for that contention rest upon section 44-348, R. R. S. 1943, and an interpretation of the case of Workman v. Great Plains Ins. Co., Inc., 189 Neb. 22, 200 N. W. 2d 8.

Section 44-101, R. R. S. 1943, provides that the business of insurance "is public in character, and requires that all those having to do with it * * * shall abstain from deceptive or misleading practices, and shall keep, observe and practice the principles of law and equity in all matters pertaining to such business."

Section 44-348, R. R. S. 1943, provides: "No insurance policy or certificate of any kind shall be issued or delivered in this state unless and until a copy of the form thereof has been filed with the Department of Insurance, and approved by it." A major purpose of such filing and approval is to insure that the form of such policies or certificates is not deceptive or misleading and therefore in violation of public policy. It is obvious that the approval is required also to insure that the policy form complies with statutory requirements. No such statutory requirements are involved here nor were they in Workman.

With most kinds of insurance the Legislature has specified various requirements as to particular provisions required to be included or omitted. Fire insurance policies, life insurance policies, and health and accident policies all must meet this type of statutory requirement. The statutory requirements for automobile liability insurance with respect to such provisions have been under the Motor Vehicle Safety Responsibility Act. In 1965 the Legislature amended the Motor Vehicle Safety Responsibility Act to provide specifically that sections 60-516 to 60-544, R. R. S. 1943, shall not apply to any automobile liability policy which has not been certified as provided by sections 60-528 to 60-531, R. R. S. 1943. As a result of that amendment, this court held in State Farm Mut. Auto. Ins. Co. v. Pierce, 182 Neb. 805, 157 N. W. 2d 399, that the omnibus clause

requirement is applicable only to automobile liability insurance policies which have been certified as proof of financial responsibility. We held also that a driver exclusion agreement limiting the coverage of an automobile liability insurance policy to a particular driver was not against public policy. Automobile liability insurance policies which are not certified as proof of financial responsibility, except for minimum coverage limits and uninsured motorist provisions, are subject to virtually no statutory directives. The Department of Insurance is therefore called upon, under section 44-348, R. R. S. 1943, to determine whether a policy form is deceptive or misleading and contains ambiguities or conflicts and contradictions between its provisions, and must refuse to approve a form which is in violation of public policy.

The Legislature has imposed various requirements as to the provisions of an automobile liability insurance policy certified as proof of financial responsibility. Among these is the omnibus clause. As to automobile liability policies which are not required to be certified, the statutory requirements essentially involve only minimum limits of coverage and provisions as to uninsured motorists. There are undoubtedly many times more automobile liability policies which are not certified than there are certified. There is no logical reason to assume that the Legislature was interested in protecting the public where certified policies were involved but not where ordinary uncertified policies were involved. The statutorily mandated distinctions between the two varieties of automobile liability insurance policies have created discrepancies which suggest that the Legislature might well reexamine the statutory provisions dealing with automobile liability insurance.

The defendants rely upon a single case to support their contention that any restrictive endorsement to an insurance policy is void if it is issued and delivered before it has been filed with and approved by the Depart-

ment of Insurance. That case is Workman v. Great Plains Ins. Co., Inc., 189 Neb. 22, 200 N. W. 2d 8. In the Workman case we held that an endorsement which completely revoked the omnibus clause contained in the principal policy, without even a reference to the clause in the endorsement, created a direct ambiguity and conflict in the policy which was misleading, and that such an endorsement was contrary to the public policy of the State of Nebraska and therefore void and of no effect. We did not hold that the endorsement in the Workman case was void merely because it had not been filed with and approved by the Department of Insurance, but because it was in violation of public policy and could not be approved by the Department of Insurance as required by section 44-348, R. R. S. 1943.

As we said in Workman, *supra:* "Section 44-348, R. R. S. 1943, does not prohibit the insurance company from printing in or attaching to an insurance policy additional or altered terms or conditions not found in the standard approved form, provided they are not inconsistent with or a waiver of any of the provisions of such authorized approved form. Provisions not in conflict with the provisions of such an approved form may be added when necessary to express the terms of a contract of insurance which is authorized."

This case is not the Workman case. The endorsement here was not deceptive or misleading. Neither was it ambiguous or conflicting. It was not in violation of public policy. It met all the requirements for approval by the Department of Insurance, and was in fact later approved.

An endorsement which is not misleading, ambiguous, or conflicting which amends an omnibus clause in an uncertified automobile liability insurance policy by limiting the application of the omnibus clause to use of the automobile by a person over the age of 25 years, except for the insured or any resident of his household, is an authorized contract of insurance. Such an endorse-

ment is not proscribed by any statute, nor is it against public policy. It is not rendered void merely because it has not been filed with and approved by the Department of Insurance prior to its issuance.

It is quite clear that the language of section 44-348, R. R. S. 1943, prohibits the issuance or delivery of any insurance policy or certificate in this state unless and until a copy of the form has been filed with and approved by the Department of Insurance. Section 44-394, R. R. S. 1943, provides that a knowing violation of any provision of Chapter 44 for which no penalty is provided shall be deemed a misdemeanor and shall be punished by a fine or by imprisonment as specified in that section. Any violation of section 44-348, R. R. S. 1943, must be and is subject to those penalties. Such violations may also be grounds for revocation of the license of the insurance company. An otherwise valid and authorized contract of insurance is not rendered void merely because it has not been approved by the Department of Insurance prior to its issuance.

The policy of insurance issued by Allstate Insurance Company to Rodney Morgan was the primary insurance policy here. The plaintiff was entitled to the declaratory judgment prayed for. The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.

BOSLAUGH, J., concurs in the result only.