## Butler v. Bankers Mutual Fire Insurance Co.

*William B. Landis*, for plaintiff.
*John P. Mahon*, for defendant.

EAGEN, J., February 2, 1951.—This is an action in assumpsit wherein plaintiff moves for judgment upon the pleadings.

Recovery of a collision loss is sought under the terms of an insurance policy issued by defendant to plaintiff.

The question raised involves the validity and effect of the limitation of use endorsement to the policy, which is as follows:

"In consideration of the premium at which the policy designated above is issued it is warranted by the insured that no regular or frequent trips of commercial vehicles described in such policy are or will be made during the policy period to any location beyond a 50 mile radius from the limits of the city or town of principal garaging of such vehicles.

"All other terms and conditions of such policy remain unchanged. Coverage ceases beyond this radius."

It is admitted in the pleadings that the collision sued upon occurred at a point beyond a radius distance of 50 miles from the limits of the borough wherein plaintiff garages his vehicles and defendant argues, therefore, that recovery must be denied in view of the limitation clause above quoted.

It is admitted by defendant in its answer that this clause in its entirety was not submitted to the Insurance Commissioner of Pennsylvania for approval. Plaintiff contends, therefore, that this clause is invalid and of no effect under the Insurance Company Act of May 17, 1921, P. L. 682, as amended by the Act of June 23, 1931, P. L. 904, and the Act of May 28, 1937, P. L. 934. Section 354 of the Act of 1937 provides as follows:

"It shall be unlawful for any insurance company, association, or exchange, doing business in this Commonwealth, to issue, sell, or dispose of any policy, contract, or certificate, covering life, health, accident, personal liability, fire, marine, title, and all forms of

casualty insurance, or contracts pertaining to pure endowments or annuities, or any other contracts of insurance, or use applications, riders, or endorsements, in connection therewith, until the forms of the same have been submitted to and formally approved by the Insurance Commissioner. . . ."

No similar case in Pennsylvania has been called to our attention. However, we conclude that the failure of the insurance company to obtain the approval specified in the above statute renders the company subject to punitive action but does not destroy any of the terms of the contract. The clause involved does not offend the substantive prescription of the statute. The allegation is that the policy is wanting formal approval, nothing more.

We believe the appropriate principle of law is stated accurately in 32 C. J. 1117, §213, wherein it is stated:

"A failure of the company to file a form and obtain its approval renders it subject to the imposition of a fine, but does not destroy the terms of a contract of insurance which it has in fact made; it cannot set up its failure to comply with the statute as a defense to an action against it on the policy, nor can insured recover on the policy except as it is written; he cannot insist on the portion of the policy which is favorable to him and repudiate the remainder."

To the same effect see 44 C. J. S. 1029, §253.

The issue does present, in our opinion, a question of fact to be resolved by a jury and that is, whether or not the collision occurred upon a regular and frequent trip. It is the contention of defendant that the words "coverage ceases beyond this radius" cancels out any and all coverage beyond the 50-mile radius limit. With this we cannot agree.

The meaning of the clause, when read in its entirety, at most is ambiguous and open to argument. Effect must be given to all of the provisions of the policy if

possible and a liberal construction placed thereon in favor of the assured. If the company intended to limit all coverage in this policy to collisions occurring within the 50-mile radius, it could have clearly said so. Clearly it did not.

Therefore, February 2, 1951, judgment upon the pleadings is refused.