70309. HARTFORD CASUALTY INSURANCE COMPANY
v. O'CALLAGHAN.
(335 SE2d 407)

DEEN, Presiding Judge.

William L. O'Callaghan had an automobile policy with appellant which covered two vehicles, a 1978 Oldsmobile Starfire and a 1973 Oldsmobile Delta 88. Both automobiles were listed on the declarations page which provides $50,000 liability coverage for each vehicle, $2,000 in medical payment for each person and $25,000 in uninsured motorists coverage for each automobile. On April 18, 1982, O'Callaghan was killed while driving one of the vehicles when it collided with an automobile operated by Jack Farmer. Farmer carried $10,000 in liability coverage which was paid to appellee, O'Callaghan's widow. Appellee then filed a claim under the uninsured motorists provision of her husband's policy and demanded payment of $40,000 contending that she was entitled to collect $25,000 on each of the uninsured motorists provisions less the coverage provided by Farmer's policy. Hartford refused to pay the $40,000 demanded, but offered to pay $15,000 (the difference, it contends, between Farmer's coverage and the uninsured motorist coverage on the vehicle O'Callaghan was driving at the time of the collision). The offer was refused and Mrs. O'Callaghan brought an action seeking declaratory judgment in the amount of $40,000. Appellee denied owing this amount, but acknowledged it owed certain sums under the uninsured motorists coverage and deposited $15,000 into the registry of the court. An order was entered permitting these funds to be disbursed to Mrs. O'Callaghan. Appellant then filed a motion for summary judgment contending all monies owed under the policy had been paid. Appellee also filed a motion for summary judgment alleging that the uninsured motorists coverage on the two automobiles could be combined or "stacked" and she was therefore entitled to an additional $25,000. The trial court denied Hartford's motion and granted appellee's. Hartford appeals claiming the court below erred in determining that appellee could stack the uninsured motorists coverage for the two vehicles which were insured under a single policy. *Held*:

As a general rule, there can be no stacking or pyramiding of the

uninsured motorists provisions as to single policy coverage of automobiles. *Leader Nat. Ins. Co. v. Berry*, 157 Ga. App. 627 (278 SE2d 170) (1981); *Barnes v. Govt. Employees Ins. Co.*, 142 Ga. App. 377 (236 SE2d 9) (1977); *Doerpinghaus v. Allstate Ins. Co.*, 124 Ga. App. 627 (185 SE2d 615) (1971). As to multiple policies a different rule obtains. See *Travelers Indem. Co. v. Williams*, 119 Ga. App. 414 (167 SE2d 174) (1969); *State Farm Mut. Auto. Ins. Co. v. Murphy*, 226 Ga. 710 (177 SE2d 257) (1970).

In *Barnes* this court was required to determine whether a separability provision required the single policy to be construed as two separate policies. The court found it was unnecessary, however, to decide whether the separability clause was applicable because other policy provisions did not permit stacking. In *Leader Nat. Ins. Co.*, supra at 629, the court found that the separability clause is not contained in any of the named exceptions and therefore excluded its application to the uninsured motorist endorsement, "Without the application of the separability clause, there is no authorization for the creation of separate policies." The court restricted recovery to the limit of $10,000 per person which was the limit provided in the policy for each person.

In the instant case, the declarations page clearly sets forth the limits of liability for uninsured motorists coverage. Vehicle 1 has $25,000 coverage for each accident and vehicle 2 has the same coverage. The uninsured motorists endorsement sets forth the following limitation: "The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of . . . 3. Vehicles or premiums shown in the Declaration." The policy does not contain a separability clause which would justify treating this single policy as two separate policies. The trial court's reliance upon cases from other jurisdictions involving Hartford policies is not justified. Those policies contained provisions quite different from the policy in question.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 —

*W. Allan Myers*, for appellant.
*James W. Smith*, for appellee.