Argued and submitted May 17, 1985, reversed and remanded February 12, 1986

GIFFORD,
*Appellant,*

*v.*

WESTERN AVIATION INSURANCE GROUP,
*Respondent,*

*and*

DUNCANSON AND HOLT AEROSPACE
MANAGERS AGENCY, INC. et al,
*Appellants.*

(7013; CA A31451)

713 P2d 1085

John L. Langslet, Portland, argued the cause for appellants. With him on the briefs was Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

John R. Faust, Jr., Portland, argued the cause for respondent. On the brief were Mildred J. Carmack, Henry C. Willener and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warden and Van Hoomissen, Judges.

WARDEN, J.

## WARDEN, J.

Defendants Duncanson and Holt Aerospace Managers Agency, Inc. (Aerospace) and Security Insurance Company of Hartford (Security) appeal from a judgment dismissing their cross-claims against their agent, defendant Western Aviation Insurance Group (Western), before trial.[1] Although a number of issues were discussed in the briefs, at oral argument the parties narrowed the case to one issue: whether the cross-claim of Aerospace and Security had stated a claim in negligence against Western. We reverse and remand.

Plaintiff sought insurance coverage for his aircraft through defendant Western, an insurance broker. Western obtained the coverage from defendant Security.[2] The binder plaintiff received contained no exclusion for Alaska travel; however, the policy Security later issued had an attached endorsement purporting to exclude coverage for Alaska travel and to provide coverage for passengers. Security had not filed this form of endorsement with the Insurance Commissioner as mandated by ORS 743.006(1). The plane crashed in Alaska, killing the pilot and two passengers. Security relied on the exclusion and denied coverage for the loss of the aircraft.

We will recount the procedural history of the case only to the extent that it is relevant to this appeal. The trial court granted plaintiff Gifford's motion for judgment on the pleadings against Security on the first count of his second amended complaint, which alleged breach of contract. The court, in an order dated October 6, 1982, relied on both grounds propounded by plaintiff: (1) that ORS 743.075(1) estopped Security from asserting the Alaska exclusion, because it was not included in the binder; and (2) that Security did not comply with the filing requirement of ORS 743.006(1), thereby rendering the Alaska exclusion void. Security moved for reconsideration or for a new trial. While the motion was pending, Security and plaintiff reached a settlement, pursuant to which they filed two stipulations. One requested an "Order

---

[1] Although plaintiff is a named appellant, the issue in the appeal is between defendants.

[2] Duncanson and Holt Aerospace, the underwriter involved, is also a defendant in this case. Aerospace and Security submit a unified attack in this case; therefore, references to Security in this opinion encompass both Security and Aerospace.

of dismissal without prejudice and without costs to these respective parties." The second purported to vacate the "Order dated October 6, 1982," to withdraw plaintiff's motion for judgment on the pleadings and to deem that the motion had never been filed. The trial court approved both stipulations. Over a year later, at a pretrial hearing on the cross-claims between Security and Western, the trial judge treated his earlier ruling in favor of plaintiff as the "law of the case" and ruled that the presence of insurance coverage required dismissal of all claims against Western as a matter of law.[3]

The court, in applying the "law of the case," apparently reasoned that, because Security was obligated to plaintiff by virtue of the court's ORS 743.006(1) and ORS 743.075(1) rulings, the cross-claims against Western were not viable as a matter of law. We disagree. Even if both grounds relied upon by the judge were proper, there are still issues of fact to be resolved on Security's negligence and breach of contract claims.

■    Under its cross-claim Security could prove that Western breached its contract or was negligent in that it breached its duty to submit to Security only acceptable risks. The cross-claim alleges that Western failed to inquire where plaintiff intended to fly and failed to inform Security that Alaska flight was contemplated. Security also alleges that Western knew or should have known that Security considered Alaska travel an unacceptable risk. By submitting an unacceptable risk without informing Security of plaintiff's intent to allow his aircraft to be flown in Alaska, Western caused Security to be liable for a risk which it might well have rejected. Those are issues of fact which cannot be resolved on a motion for judgment on the pleadings. *Salem Sand v. City of Salem,* 260 Or 630, 636, 492 P2d 271 (1971). Neither could they be determined on this record.

Because the issues are likely to arise on remand, we

---

[3] Earlier that day, the judge had denied Western's latest motion for summary judgment. When he ruled as a matter of law, there was no motion before him. Our disposition of the case on the merits makes it unnecessary to decide whether the judge granted summary judgment or judgment on the pleadings. A reversal and remand solely on procedural grounds to allow Western to formally move for a judgment on the pleadings, thereby raising again the same issues, would serve no useful purpose. *See State Farm Ins. Co. v. Berg,* 70 Or App 410, 417-18, 689 P2d 959 (1984), *rev den* 298 Or 553 (1985).

examine the correctness of the court's rulings on the consequences of failing to file the endorsement and failing to include the endorsement in the binder.[4]

■    The court erred in ruling that failure to file the endorsement excluding coverage for Alaska renders it void. ORS 743.006(1) provides in part:

> "Except where otherwise provided by law, no basic policy form, or application form where written application is required and is to be made a part of the policy, or rider, indorsement or renewal certificate form shall be delivered or issued for delivery in this state until the form has been filed with and approved by the commissioner."

In *Hall v. Metropolitan Co.*, 146 Or 32, 28 P 875 (1934), the Supreme Court addressed the effect of a failure to file an annuity contract with the insurance commissioner under a former statute that included filing requirements virtually identical in relevant part to ORS 743.006(1). The court refused to void the contract, stating:

> "The insurance code designates various penalties for violation of specific provisions thereof, and a general penalty for cases of violation not covered by specific penalties. There is nothing in the act itself to indicate that the legislature intended that even in cases covered by §46-509 failure to comply with the provisions of that section should render an insurance policy void. Such failure would not invalidate the policy but would subject the company issuing it to the payment of a fine." 146 Or at 38.

*But see Mountain Fir Lbr. Co. v. EBI Co.*, 296 Or 639, 679 P2d 296 (1984).

The court's analysis applies to the filing of endorsements as well. Failure to file an endorsement does not render it void. If it did, insurers could refuse to pay claims if they had not filed the policy with the Insurance Commissioner on the ground that the policy was void. Such a result was not intended. The endorsement in this case, in addition to excluding coverage for loss of the aircraft in Alaska, provided

---

[4] These are Western's 13th and 14th affirmative defenses in its "second amended supplemental answer to plaintiff's third amended complaint and answer to third amended cross-claim."

coverage for the death of the passengers. We do not understand any of the parties to assert that there was no coverage for passengers, simply because the exclusion was not filed. The legislature did not provide that unfiled policies and endorsements are void. Failure to file the endorsement which excluded Alaska coverage did not create coverage for Alaska travel.

■■ The court was correct, however, in finding coverage for plaintiff on the alternative ground, the binder statute, ORS 743.075(1), which provides:

> "Binders or other contracts for temporary insurance may be made orally or in writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given together with such applicable indorsements as are designated in the binder, except as superceded by the clear and express terms of the binder."

In construing insurance policies in Oregon, exclusion clauses are strictly construed against the insurer. *United Pac. Ins. v. Truck Ins. Exch.,* 273 Or 283, 293, 541 P2d 448 (1975). The parties do not dispute that ORS 743.075(1) created coverage for plaintiff because the Alaska exclusion was not included in the binder letter. In *Avemco Ins. Co. v. Hill,* 76 Or App 185, 708 P2d 640 (1985), we refused to allow an insurer to exclude coverage for renter pilots because that exclusion was not included in the binder. There, as here, the exclusion first appeared in the policy sent to the insured after the accident.

Although the trial court was correct in finding coverage for plaintiff on this ground, it is not a proper ground for dismissing Security's cross-claims. There is a fact question whether Western negligently issued the binder or breached its contract and thereby caused Security to be liable to plaintiff.

Reversed and remanded.