### A90A0499. JENKINS v. LANIGAN et al.
(396 SE2d 28)

COOPER, Judge.

Appellant sued appellees as a result of an automobile accident in which appellant's wife was killed. Appellee Lanigan ("Lanigan") was the driver of the car involved in the accident with appellant's decedent, and appellee Prince (d/b/a Bubba's) was the owner of a bar at which appellee Lanigan had allegedly been drinking prior to the accident. Lanigan carried a liability policy in the amount of $15,000, the statutory minimum and the decedent was insured under two policies with the Horace Mann Insurance Company ("Horace Mann"), both of which contained uninsured/underinsured motorist coverage. Appellant's policies subdivided the generic "uninsured motorist coverage" into two separate schedules of coverage, which were specified on the declarations page and defined in the policy. Schedule J covered uninsured motor vehicles and Schedule S provided coverage with respect to underinsured motor vehicles. A maximum coverage of $25,000 per person was provided under each schedule. Appellant alleges that separate premiums were paid for each schedule, however no evidence of this appears in the record. Appellant seeks to "stack" the coverages provided in the two schedules in each policy for a total coverage under both policies of $85,000 ($100,000 total coverage under both schedules of both policies less Lanigan's $15,000 liability coverage).

Horace Mann paid appellant under Schedule S of each policy for a total of $35,000 ($50,000 coverage under both policies less Lanigan's $15,000 liability coverage), yet contested payment under Schedule J on the basis that Lanigan was an underinsured motorist as defined in the policy, not an uninsured motorist. Horace Mann filed a motion for summary judgment on the grounds that Lanigan could not simultaneously be underinsured and uninsured pursuant to the policy definitions and further, that Georgia law does not permit stacking within a single policy. The trial court's grant of Horace Mann's motion is the basis of this appeal by appellant. Appellee Prince, who was sued under the theory of dram shop liability, was not involved in the dispute over the uninsured motorist coverage.

1. Appellant's policies define an underinsured motor vehicle as a vehicle with respect to which a bodily injury liability policy applies, but with a limit less than the limit of the policy. The definition then excludes a vehicle with such a policy less than the statutory requirement. An uninsured motor vehicle is defined as a vehicle with respect to which (i) there is no bodily injury or property damage liability policy in effect or (ii) there is a policy applicable but the company denies coverage, is insolvent or the limit of the vehicle's policy is less than the limit of the insured's policy but the vehicle will be considered uninsured only for the amount between the limit carried (of the vehicle's policy) and the amount required. Lanigan's vehicle clearly falls within the policy definition of an underinsured motor vehicle, and since the amount between the limit carried ($15,000) and the amount required by statute ($15,000) is zero, the Lanigan's vehicle is not uninsured as defined in the policy. "The construction of [an insurance] contract is a matter of law for the court. . . . [Cit.] Where the language of a contract is plain and unambiguous, however, as we find it to be in the instant case, no construction is required or even permissible. [Cits.]" *Jones v. Barnes*, 170 Ga. App. 762, 765 (318 SE2d 164) (1984). Consequently, recovery is not proper under Schedule J.

Appellant's argument that the inclusion of two separate schedules in the policies is in derogation of OCGA § 33-7-11 is without merit. The statute, which requires the provision of uninsured motorist coverage in all insurance policies, contains a broad definition of "uninsured motor vehicle." This definition includes both the uninsured and underinsured definitions of the policies. Taken together, the two schedules provide all of the coverage and the amounts of coverage that is statutorily required in this state. "Under basic principles of contract law, it is axiomatic that, as long as the provisions of a given contract are in compliance with the requirements of governing statutes, the parties to the contract may include provisions different from . . . those prescribed in the statute or statutes." *Jones*, supra at 764-765. That appellant may have paid separate premiums for the two

schedules is of no import.

Appellant's argument that payment of premiums for Schedule S and Schedule J entitled him to recover the combined coverage provided in the two schedules is inaccurate. Each schedule applied to distinct factual situations and provided separate coverages in consideration for the separate premiums paid.

2. Appellant's contention that "stacking" of the two schedules in this case is allowed is likewise without merit. "As a general rule, there can be no stacking or pyramiding of the uninsured motorists provisions as to single policy coverage of automobiles. [Cits.]" *Hartford Cas. Ins. Co. v. O'Callaghan*, 176 Ga. App. 135, 136 (335 SE2d 407) (1985). Although stacking of multiple policies is allowed (*State Farm &c. Ins. Co. v. Hancock*, 164 Ga. App. 32 (295 SE2d 359) (1982)), the courts have consistently refused to stack within a single policy as to multiple vehicles covered. See cases cited in *Hartford*, supra at 136. Similarly, when, as here, only one schedule in a policy as to uninsured motorist coverage covers the circumstances involved, an insured cannot stack the two schedules. To allow otherwise would permit a double recovery by the insured. Accordingly, we find no error with the trial court's grant of summary judgment to Horace Mann.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1990 —
REHEARING DENIED JULY 16, 1990 — CERT. APPLIED FOR.

*Clarence L. Martin*, for appellant.

*Brennan, Harris & Rominger, Richard A. Rominger, Albert E. Clark, Allen, Brown, Bruce & Dasher, Becky J. Dasher, Bouhan, Williams & Levy, Peter D. Muller, James M. Thomas*, for appellees.

