A97A1595. PENN AMERICA INSURANCE COMPANY v. MILLER et al.
(492 SE2d 571)

POPE, Presiding Judge.

Penn America Insurance Company ("Penn") issued a liability insurance policy to Mon Suk Bennett and her business, the Lucky Seven Lounge. After William Miller was shot and killed at the Lucky Seven, his parents, Billy D. and Mary Miller, sued Bennett for failing to protect their son from the attack. Bennett sought coverage for the claims and a defense from Penn. The insurer brought this action against the Millers and Bennett for a declaratory judgment that an "assault and battery" exclusion rendered its policy inapplicable to the shooting incident and any claims arising from it. The trial court granted summary judgment to Bennett and the Millers.

Penn issued Bennett this policy on May 19, 1995, and the shooting occurred on November 29, 1995. Penn, however, had issued the policy without complying with OCGA § 33-24-9 (a), which provides that "[n]o basic insurance policy . . . or printed rider or endorsement form . . . shall be issued . . . in this state unless the form has been filed with and approved by the [Insurance] Commissioner." The trial court found this statute applicable to Penn's policy and concluded Penn's admitted failure to file the exclusion and obtain administrative approval of it rendered the exclusion void and unenforceable. We need not determine whether the statute applies to Penn's policy;[1]

---

[1] The parties characterize this policy as "surplus lines" insurance issued pursuant to OCGA § 33-5-20 et seq. As of July 1, 1997, an amendment to OCGA § 33-5-21.1 renders OCGA § 33-24-9 inapplicable to "surplus lines" policies.

assuming it does, we find nothing in the statute which indicates the legislature intended to render an unfiled exclusion void as a matter of law.

"In construing the statutes and regulations at issue, our goal is to determine the intent of the legislature. [Cit.]" *First Union Nat. Bank of Ga. v. Collins*, 221 Ga. App. 442, 444 (471 SE2d 892) (1996). "If the language is plain and does not lead to any absurd or impractical consequences, the court simply construes it according to its terms and conducts no further inquiry. [Cit.]" *Diefenderfer v. Pierce*, 260 Ga. 426 (396 SE2d 227) (1990). OCGA § 33-24-9 requires filing with the Commissioner but specifies no penalty for failure to file, much less the penalty exacted by the trial court. The omission of this penalty is significant because in other statutes regulating insurance policies, the legislature has specifically stated that the inclusion of inappropriate provisions voids or invalidates those provisions. See, e.g., OCGA §§ 33-24-19 (invalidating policies which incorporate the insurer's charter or bylaws); 33-24-23 (voiding certain provisions in health insurance policies); 33-24-25 (same); 33-24-43 (voiding policy provisions which purport to pay benefits in anything but dollars). "Where a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed." (Citation and punctuation omitted.) *Coastal Ga. &c. Center v. Higdon*, 263 Ga. 827, 829 (1) (439 SE2d 902) (1994).

"[S]tatutes and regulations relating to the same subject matter must be construed together and harmonized to ascertain their legislative or administrative intent. [Cit.]" *Collins*, 221 Ga. App. at 444. In the same article, OCGA § 33-24-12 (a) provides that "[a]ny insurance policy, rider, or endorsement . . . otherwise valid which contains any condition or provision not in compliance with the requirements of this title shall not be rendered invalid due to the noncomplying condition or provision but shall be construed and applied in accordance with such conditions and provisions as would have applied had the policy, rider, or endorsement been in full compliance with this title." This latter statute shows the legislature did not intend a technical violation of OCGA § 33-24-9 (a) automatically to invalidate an unfiled exclusion. The Oklahoma Court of Appeals reached a similar conclusion in *Hill v. Agri-Risk Svcs.*, 827 P2d 904 (Ok. App. 1992). There the court determined that an exclusion in a policy not filed with the state insurance commissioner was not void under a statute nearly identical to OCGA § 33-24-9 (a). In reaching its conclusion, the court applied a statute identical to OCGA § 33-24-12. It held the trial court had properly applied and construed the exclusion "as if the policy and exclusionary endorsement had been submitted to and approved by the Insurance Commissioner as

required. . . ." Id. at 906-907.

The statutory criteria by which the Insurance Commissioner is directed to approve or disapprove policies also lend support to the conclusion that a failure to file does not invalidate an exclusion. Under OCGA § 33-24-10, the grounds upon which the Commissioner may invalidate a policy provision are limited to instances in which the policy provisions are inconsistent, misleading, illegible, unfair, or contrary to public policy. Moreover, pursuant to OCGA § 33-24-9 (d) the Commissioner may exercise his discretion "in exceptional cases" to exempt insurance documents from the filing and approval requirements where administrative action is "not desirable or necessary for the protection of the public." No party has raised in this appeal any claim that Penn's assault and battery exclusion is misleading, illegible, or violates public policy, and this Court has generally found exclusions such as the one at issue enforceable. See, e.g., *Boomer's, Inc. v. Whitney*, 226 Ga. App. 195 (486 SE2d 59) (1997); *Al Who Enterprises v. Capitol Indem. Corp.*, 217 Ga. App. 423, 425 (1) (457 SE2d 696) (1995). In the absence of clear evidence showing the Commissioner would not have approved this exclusion, no reason exists to invalidate it as a matter of law.

Bennett and the Millers cite cases from numerous jurisdictions holding that the failure to file an exclusion with the state's insurance commissioner and obtain approval invalidates the exclusion. Chief among those cases is the Florida case of *American Mut. Fire Ins. Co. v. Illingworth*, 213 S2d 747, 749 (Fla. App. 1968), upon which the trial court based its decision. *Illingworth*, however, contains no analysis of the basis for its decision and cites as authority only one Texas case, *Commercial Union Assur. Co. v. Preston*, 282 SW 563 (Tex. 1926). *Preston* involved an unapproved fire insurance policy provision which differed from the standard policy *prescribed* by the state insurance commissioner. Id. at 565-566. The court held that under then-existing Texas law, all fire insurance policies were required to be standardized because "[w]hen a man contracts for insurance, he knows that he is contracting for a standard policy and for nothing else, and he knows that he will get that and nothing else." Id. at 565. See also *Mut. Life Ins. Co. &c. v. Daddy$ Money*, 646 SW2d 255 (Tex. App. 1983).

The reasoning of *Preston* does not apply in this state, where insureds who can read are required to read the policy and are presumed to have understood its contents. *O'Brien Family Trust v. Glen Falls Ins. Co.*, 218 Ga. App. 379, 382 (3) (461 SE2d 311) (1995). "Competent parties are free to choose, insert, and agree to whatever provisions they desire in a contract, including insurance contracts, unless prohibited by statute or public policy." (Citation and punctuation omitted.) *Florida Intl. Indem. Co. v. Guest*, 219 Ga. App. 222, 225

(464 SE2d 847) (1995). Given these principles, we find persuasive the reasoning of the federal appeals court in *FDIC v. American Cas. Co. &c.*, 975 F2d 677, 683 (10th Cir. 1992), where the court observed: "Voidance of exclusion to an insurance policy is a severe penalty which alters the very terms of the deal between the parties. It requires the insurer to provide coverage for uncontracted risk, coverage for which the insured has not paid." See also *McCullough Transfer Co. v. Virginia Surety Co.*, 213 F2d 440, 442 (6th Cir. 1954), in which the court found the failure to file should not void "a policy of insurance freely entered into by the parties." Because the trial court improperly found the failure to file this exclusion voided the exclusion as a matter of law, we reverse the trial court's grant of summary judgment to Bennett and the Millers.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

Decided October 1, 1997 —

*Swift, Currie, McGhee & Hiers, Lynn M. Roberson, Rothschild & Morgan, W. Donald Morgan, Jr.*, for appellant.

*Buchanan & Land, Benjamin A. Land, Charles A. Gower, George W. Snipes*, for appellees.