A99A1748. COTTON STATES MUTUAL INSURANCE COMPANY
v. COLEMAN et al.
(530 SE2d 229)

SMITH, Judge.

Cotton States Mutual Insurance Company filed this declaratory judgment action seeking a determination of coverage on an automobile insurance policy issued to W. Roscoe Coleman, Sr. Cotton States sought a declaration regarding the following exclusion in an amendatory endorsement to the liability portion of the policy:

> We do not provide liability coverage for "bodily injury" and "property damage" to you or any family member residing in your household. (1) If Intra-Familial Tort Immunity applies; or (2) To the extent the limits of liability of this coverage exceed the limits of liability required by law if Intra-Familial Tort Immunity does not apply.

The parties have stipulated to the relevant provisions of the policy and the facts of this case; the only issue is the legal construction of the exclusion. Coleman died in a collision while riding in his own vehicle; the vehicle was being driven with permission by Robert L. Reeves, who was not a member of Coleman's family and who also died in the accident. Coleman's heirs (the Colemans) filed suit against Reeves's estate, alleging that he was at fault in the collision. The administrator of Reeves's estate notified Cotton States of the pending suit and called upon it to defend and provide coverage for the claim of its own insured. This action followed.

All the parties moved for summary judgment. The trial court, treating this as a case of first impression, concluded that the exclusion was "camouflaged" and "unclear" because it was contained in an endorsement instead of in the body of the policy. The trial court denied Cotton States' motion for summary judgment and granted summary judgment in favor of the Colemans and Reeves's administrator. Cotton States appeals, and we reverse.

This case is controlled by our recent decision in *Ga. Farm &c. Ins. Co. v. Burch*, 222 Ga. App. 749 (476 SE2d 62) (1996), which ad-

dressed an essentially identical exclusion. In *Burch*, an insured was injured in a collision while allowing a friend or acquaintance to drive her car. As cited in the opinion, the policy contained an exclusion limiting coverage for " 'bodily injury . . . to "you" (the named insured) or any family member . . . (2) to the extent the limits of liability of this coverage exceed the limits of liability required by law. . . . ' " Id. at 750. We held that the insurer's exclusion operated to limit its coverage obligation to the statutory minimums under OCGA §§ 33-34-4 and 40-9-2 (5) (A), that the exclusion did not violate public policy, and that even if it were contrary to public policy, it would be enforceable as to amounts in excess of the statutory minimum coverage. Id. *Burch* controls here.

The trial court's conclusion that the endorsement was insufficiently conspicuous or in some way concealed from the insured is without merit. The standard "Georgia Amendatory Endorsement" is a substantial five-page document included as part of the policy identified in the record and stipulated to by the parties. The endorsement is listed on the typed declarations portion of the policy along with four other documents as the "applicable forms." These five forms constitute the entire policy, including the declarations portion which is also identified. The amendatory endorsement contains both additional coverage provisions (including amended uninsured motorist coverage in compliance with Georgia law) and exclusions.

"Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy." OCGA § 33-24-16. An insured who can read is required to read the policy and is presumed to have understood its contents. *Penn America Ins. Co. v. Miller*, 228 Ga. App. 659, 661 (492 SE2d 571) (1997). Moreover, "[v]oidance of exclusion to an insurance policy is a severe penalty which alters the very terms of the deal between the parties. It requires the insurer to provide coverage for uncontracted risk, coverage for which the insured has not paid." (Citations and punctuation omitted.) Id. at 662.

While the Colemans argue that the exclusion violates public policy because it limits the liability coverage stated on the declarations page, this argument is foreclosed by our holding in *Spivey v. Safeway Ins. Co.*, 210 Ga. App. 775, 776-778 (3) (437 SE2d 641) (1993), upon which *Burch* relies. Liability insurance is intended to protect against the risk of loss from the claims of third parties. But, as we observed in *Spivey*, a claim which is made by an insured against a permissive driver of his own insured vehicle is not a liability claim by an innocent third party, but a claim on behalf of the insured against his own insurance policy. To hold otherwise would rewrite Coleman's policy to provide coverage which was neither selected nor paid for by him.

When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the courts must expound the contract as made by the parties. Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage.

(Citations, punctuation and emphasis omitted.) *Capitol Indem. Corp. v. L. Carter Post 4472 Veterans &c.*, 225 Ga. App. 354, 355 (484 SE2d 52) (1997). The trial court erred in granting appellees' motion for summary judgment and denying Cotton States' motion for summary judgment on the issue of coverage.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 29, 2000.

*Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellant.

*Plunkett, Shepard, Plunkett & Hamilton, Daniel W. Hamilton, Stephen E. Curry*, for appellees.

*Wiley S. Obenshain III*, pro se.