# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1230EM

_____

| | | |
|---|---|---|
| Solon R. Gershman, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court |
| | * | for the Eastern District |
| American Casualty Company of | * | of Missouri. |
| Reading, PA, a Pennsylvania | * | |
| Corporation, and CNA Insurance | * | |
| Company, an Illinois Corporation, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 11, 2001
Filed: June 5, 2001

_____

Before RICHARD S. ARNOLD and BOWMAN, Circuit Judges, and KYLE,[1] District
Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

Solon Gershman appeals the District Court's grant of American Casualty
Company of Reading's motion to dismiss for failure to state a claim upon which relief

_____

[1]The Hon. Richard H. Kyle, United States District Judge for the District of
Minnesota, sitting by designation.

can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Gershman's suit against American Casualty alleged a failure to perform its obligations under an insurance policy and vexatious refusal to defend and indemnify. The sole issue before us is whether the District Court erred in applying Mo. Rev. Stat. § 369.124.5, which has to do with insurers' duty to give notice of policy endorsements to state regulatory authorities. We reverse and remand.

I.

Solon Gershman was a director of Missouri Savings Association. The Association initially purchased a directors' and officers' liability insurance policy from American Casualty in 1983. The policy contained several endorsements.[2] One of the endorsements, the "receivership" endorsement, stated that American Casualty would not pay "any claim made against the Directors or Officers based upon or attributable to any action or proceeding brought by . . . any . . . national regulatory agency . . . including any type of legal action which such agencies have the right to bring as receiver, conservator, liquidator or otherwise." Joint Appendix (J.A.) 31. The policy also contained an "insured v. insured" endorsement which stated that American Casualty would not be liable for any payments for "any claim made against any Director or Officer . . . by the Institution." Id. at 34.

The Association became insolvent. The Resolution Trust Corporation (RTC), acting as receiver, filed suit against Mr. Gershman alleging mismanagement, breach of fiduciary duty, and other improper conduct. American Casualty was notified of the RTC suit against Mr. Gershman but denied coverage under the "receivership" and "insured v. insured" endorsements.

---

[2]At oral argument counsel stated that American Casualty initially issued the policy without the relevant endorsements. The endorsements appeared in a policy renewal in 1988.

Mr. Gershman filed this action in a Missouri state court seeking damages and attorneys' fees because of American Casualty's refusal of coverage as to the RTC suit. American Casualty removed the case to the District Court on the basis of 28 U.S.C. § 1332(a)(1), diversity of citizenship. In the District Court, American Casualty filed a motion to dismiss the action arguing that the "receivership" and "insured v. insured" endorsements barred coverage. Mr. Gershman argued that the endorsements were ineffective because American Casualty had failed to serve written notice of the endorsements on the director of the division of finance, as required by Mo. Rev. Stat. § 369.124.5.

The District Court granted the motion to dismiss and ruled that, although the language of § 369.124.5 is mandatory, the statute provides no penalty for noncompliance. Therefore, concluded the Court, there is no indication that the Missouri legislature "intended to render unfiled endorsements void as a matter of law. It would be inappropriate for the Court to declare the endorsements void without any legislative guidance or binding authority."[3] Solon R. Gershman v. American Cas. Co. of Reading PA, No. 4:99-CV-128, slip op. at 5 (E.D. Mo. Nov. 24, 1999).

On appeal, Mr. Gershman argues that the District Court erred in granting American Casualty's motion to dismiss. Mr. Gershman contends that the plain language of the statute voids the unfiled endorsements and prevents them from forming any part of the policy.[4] American Casualty asserts that the absence of any penalty provision in the statute indicates a legislative intent not to void unfiled endorsements.

---

[3]Deciding the case upon this issue, the Court did not reach Mr. Gershman's claim of vexatious refusal to defend and indemnify, or American Casualty's claim that CNA, a co-defendant, was not an entity capable of being sued. Therefore, we will not reach those issues on appeal.

[4]Mr. Gershman concedes that if the endorsements are valid coverage of his claim is barred.

II.

We look to the law of Missouri to decide the merits of the case. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). "We review the district court's application of [Missouri law] de novo without deference." Brandenburg v. Allstate Ins. Co., 23 F.3d 1438, 1440 (8th Cir. 1994) (citing Salve Regina College v. Russell, 499 U.S. 225, 239 (1991).

In relevant part, § 369.124.5 provides:

> The [Savings and Loan] association at its cost may obtain insurance to protect it, its directors, officers and employees against losses arising out of claims of negligence or misconduct, both those for which the association may indemnify a person under this section and those for which no indemnification may be made. Such insurance policy shall be issued by an insurance company licensed to do business in this state and shall be in such form as approved by the director of the division of finance. *No modification of the terms shall be made by any insurance company without serving prior written notice on the director of the division of finance setting forth the proposed changes . . ..*

(Emphasis ours.)

Missouri courts have never addressed whether the failure to serve written notice of a policy modification as required as by § 369.124 voids the unfiled endorsement.[5] Thus, we must predict how a Missouri court would decide this issue. See Brandenburg, 23 F.3d at 1440. American Casualty invites us to follow case law from other jurisdictions refusing to void an unfiled endorsement or policy under similar state

---

[5]Both parties agree there is no provision elsewhere in the statute providing for a fine, revocation or suspension of license, or other sanction for failing to comply with the filing requirement.

statutes. See McCullough Transfer Co. v. Virginia Sur. Co., 213 F.2d 440, 442 (6th Cir. 1954) (holding that the absence of an express provision in the Ohio Code rendering an unfiled endorsement void indicates legislative intent not to void such an endorsement); Resolution Trust Corp. v. Hedden, 879 F.Supp. 600, 602 (N.D. Miss. 1995); Gary v. American Cas. Co., 753 F.Supp. 1547, 1551 (W.D. Okla. 1990); Cage v. Litchfield Mut. Ins. Co., 713 A.2d 281, 287 (Conn. Super. Ct. 1997) (holding "voidance is a drastic measure which this court refrains from imposing in the absence of legislative direction or binding authority to the contrary"); The Home Indem. Co. v. Hoechst Celanese Corp., 128 N.C. App. 226, 233, 494 S.E.2d 768, 772-73 (1998) (holding failure to get approval of exclusion as required by statute does not void exclusion where statute did not provide for such penalty).[6]

We hold otherwise for the following reasons. First, when viewed as a whole, Mo. Rev. Stat. § 369.124 is different from the statutes involved in cases from other jurisdictions. The filing requirement at issue here does not appear as a part of a general insurance regulation statute. It is specifically directed towards savings and loan institutions. It appears in chapter 369, entitled "Savings and Loan Associations." The specific filing requirement appears in section 369.124, entitled "Reimbursement of certain legal costs, when--liability insurance for certain personnel, who may issue,

---

[6]See also Highlands Ins. Co. v. American Marine Corp., 607 F.2d 1101, 1104 (5th Cir. 1979), cert. denied, 446 U.S. 918 (1980); Powell v. American Cas. Co. of Reading, 772 F. Supp. 1188, 1191 (W.D. Okla. 1991); Southern Cas. Co. v. Hughes, 33 Ariz. 206, 212, 263 P. 584, 586 (1928); Penn America Ins. Co. v. Miller, 228 Ga. App. 659, 660-61, 492 S.E.2d 571, 572-23 (1997); Carrier v. Allstate Ins. Co., 702 So. 2d 367, 371 (La. App. 1997); Progressive Mut. Ins. Co. v. Taylor, 35 Mich. App. 633, 642, 193 N.W.2d 54, 58 (1971); Equity Mut. Ins. Co. v. Allstate Ins. Co., 190 Neb. 515, 520-21, 209 N.W.2d 592, 595 (1973); National Union Fire Ins. Co. v. Ambassador Group, Inc., 556 N.Y.S.2d 549, 553 (App. Div. 1990); Gifford v. Western Aviation Ins. Group, 77 Or. App. 645, 650, 713 P.2d 1085, 1087-88 (1986); Butler v. Bankers Mut. Fire Ins. Co., 76 Pa. D. & C. 352 (C.P. 1951); Franklin v. St. Paul Fire & Marine Ins. Co., 534 S.W.2d 661, 665 (Tenn. App. 1975).

policy modifications, how--reciprocal organizations, when, annual report." Section 369.124.1 obligates savings and loan institutions to indemnify officers and directors for certain claims against them. To make such indemnification possible, Mo. Rev. Stat. § 369.124.5 allows the savings and loan associations to obtain liability insurance. Regarding such insurance the statute goes on to provide that, "No modification of the terms shall be made by any insurance company without serving prior written notice on the director of the division of finance setting forth the proposed changes . . .." Mo. Rev. Stat. § 369.124.5. The statute continues in paragraph six by stating,

> "[I]n the event it appears to the director of the division of finance that such directors', officers' and employees' liability insurance policies are not available or not available at premium rates which the director of the division of finance deems reasonable, then the director of finance . . . may permit the establishment of a reciprocal organization on such terms as the director of the division of finance may require to provide directors', officers' and employees' liability insurance coverage . . .."

Mo. Rev. Stat. § 369.124.6. Unlike the statutes in other jurisdictions, where the sole purpose of the statutes seems to be insurance regulation, here one of § 369.124's purposes is to enable the director of the division of finance to monitor liability insurance policies in order to determine whether a reciprocal organization is needed to protect the savings and loan industry. Thus, we decline to treat § 369.124 in the same manner as other jurisdictions have treated similar statutes.

Second, we are bound by Missouri's rules of statutory construction. When statutes are unambiguous, " 'courts should regard laws as meaning what they say . . ..' " In re Thomas, 743 S.W.2d 74 (Mo. 1988) (en banc) (quoting DePoortere v. Commercial Credit Corp., 500 S.W.2d 724, 727 (Mo. App. 1973)). Here, neither party contends that Mo. Rev. Stat. § 369.124.5 is ambiguous. Therefore, in applying the statute we must ascertain the intent of the Missouri legislature by construing the words

in their plain meaning. Hyde Park Housing P'ship v. Director of Revenue, 850 S.W.2d 82, 84 (Mo. 1993) (en banc).

Oddly, both parties argue that the plain and ordinary meaning of § 369.124.5 carries the day, yet each party attributes a different meaning to the provision's plain and ordinary language. Mr. Gershman contends that the words "No modification to the terms shall be made" means that any attempted modification which was not filed is void as a matter of law. On the other hand, American Casualty argues that had the legislature intended an unfiled endorsement to be void it could have easily included such a penalty in the statute.

We believe the penalty for noncompliance is expressly provided for in the statute — the attempted modification is not "made" and therefore never becomes part of the policy. American Casualty's contention that the statute provides no penalty for noncompliance with § 369.124.5 would effectively erase the provision from the code. We must presume that the Missouri legislature intended every word, clause, sentence, and provision to have effect. In re Thomas, 743 S.W.2d at 76.

This construction of § 369.124.5 comports with the purpose of the statute as a whole. If the director of the division of finance is to monitor directors' and officers' liability insurance in order to determine if liability insurance is available or available at reasonable premiums, there must be some incentive to encourage insurance companies to comply with the filing requirements.

Third, we find support for our determination in Missouri's general insurance statute regulating the filing of insurance rates and modifications. Mo. Rev. Stat. § 379.321 states,

(1) Every insurer shall file with the director . . . every manual of classifications, rules, underwriting rules and rates, every rating plan and

every modification of the foregoing which it uses and the policies and forms to which such rates are applied.

(2) [N]o insurer shall make or issue a policy or contract except pursuant to filings which are in effect for that insurer . . ..

Mo. Rev. Stat. § 379.321.1 & .2. The penalties for noncompliance with § 379.321.1 and .2 may include fines, suspension of the insurer's license to do business within the state, or any other penalty provided by law. Mo. Rev. Stat. § 379.361. In § 379.321, the general insurance statute above, the legislature uses mandatory language, just as it does in the statute at issue here. But the general insurance statute expressly provides sanctions other than voiding the policy change. It would be possible to read that statute as not making such changes void for failure to file. The other sanctions provided in the statute would be sufficient to encourage compliance. Here, unless the change is held void, insurers may violate the law with impunity.

Lastly, there is precedent in our circuit for voiding an unfiled insurance provision when a Missouri statute does not provide an express penalty for noncompliance. In St. Joseph Light & Power Co. v. Zurich Insurance Co., 698 F.2d 1351 (8th Cir. 1983), one of the issues was whether the fire insurance company filed its coinsurance "credits" or "rates" as required by a Missouri fire insurance statute. We held that the failure to file the coinsurance "credits" or "rates" rendered the coinsurance clause void. Id. at 1361 (citing Templeton v. Ins. Co. of North American of Pa., 201 S.W.2d 784, 789 (Mo. App. 1947)).[7] There are, as the defendant argues, distinctions between fire co-

_____

[7]Although not controlling in the case at hand, other cases have held that a failure to file an endorsement or policy as required by a state statute rendered the unfiled endorsement or policy void where the statute did not provide for that penalty. See Hawkins Chem. v. Westchester Fire Ins., 159 F.3d 348, 352 (8th Cir. 1998) (applying a Minnesota statute); Miller v. National Farmers Union Property & Cas. Co., 470 F.2d 700, 704 (8th Cir. 1972) (same); Sawyer v. Midland Ins. Co., 383 N.W.2d 691, 697 (Minn. App. 1986); Commercial Union Assurance Co. v. Preston, 115 Tex. 351, 355-

insurance rates and policy endorsements limiting coverage. On the whole, however, St. Joseph supports Mr. Gershman's position here.

III.

For the foregoing reasons, we hold that American Casualty's failure to file the "receivership" and "insured v. insured" endorsements pursuant to Mo. Rev. Stat. § 379.124.5 rendered the endorsements unenforceable in this action.

The judgment is reversed, and the case remanded to the District Court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

56, 282 S.W. 563, 565 (1926); Mutual Life Ins. Co. of N.Y. v. Daddy$ Money, Inc., 646 S.W.2d 255, 257 (Tex. App. 1983); see also Anderson v. Minnesota Ins. Guar. Assoc., 520 N.W.2d 155 (Minn. 1994) (dictum) (citing Miller favorably), rev'd on other grounds, 534 N.W.2d 706 (Minn. 1995).