A01A1549. CRAFTER et al. v. STATE FARM INSURANCE
COMPANY.
(554 SE2d 571)

RUFFIN, Judge.

Following the death of his wife in an automobile accident, Harold Crafter sought payment of uninsured motorist benefits from his wife's insurer, State Farm Insurance Company. The sole issue presented to the trial court was the proper method for calculating uninsured motorist benefits due Crafter. Following the parties' cross-motions for summary judgment, the trial court concluded that, in determining the amount due, the equation should factor in only those uninsured motorist benefits that were available to the insured. The trial court then granted State Farm's motion for summary judgment

and denied the motion filed by Crafter. As the trial court ruled correctly, we affirm.

The parties have stipulated the relevant facts. On October 21, 1998, Crafter's wife, a passenger in a car driven by Judy Hopkins, was killed when Hopkins' car collided with a tractor-trailer driven by John Peavy, who was employed by Midwest Coast Transport. Harold Crafter, individually and as administrator of his wife's estate, sued Hopkins, Peavy, and Midwest Coast Transport. Following discovery, Crafter determined that Peavy and Midwest Coast Transport were not at fault, and he dismissed them from the suit, leaving Hopkins as the sole defendant.

Hopkins had an insurance policy through Travelers Property Casualty, which provided $100,000 in liability coverage for the bodily injury or death of an individual. Travelers paid the full $100,000 to the Crafter estate. The same policy also provided uninsured motorist benefits of $100,000.

Crafter's wife was insured through State Farm. Under five separate policies, State Farm provided a total of $245,000 in uninsured motorist benefits. After subtracting Travelers' $100,000 liability payment from this amount, State Farm tendered $145,000 to the Crafter estate.[1]

Crafter contends that State Farm owes the estate an additional $100,000 in uninsured motorist benefits. Under Georgia law, uninsured motorist benefits are calculated by "stacking the limits of all of the available uninsured motorist coverage and setting off the limits of the available liability coverage."[2] Here, Crafter argues that, in addition to being an insured under the State Farm policy, his wife qualified as an insured under the Travelers policy. Thus, he reasons, the amount of uninsured motorist benefits under the Travelers policy should have been "stacked" with the total benefits under the State Farm policy for an aggregate amount of $345,000. As the parties stipulated that the value of his wife's life exceeded this amount, Crafter asserts that State Farm should have been required to pay $245,000, which is $345,000 minus the $100,000 liability payment.

The trial court rejected this argument, concluding that the uninsured motorist benefits contained in the Travelers policy were not "available" to Crafter's wife, "which thus precludes that coverage from being included in the stacking of the policies to calculate the benefits available to the plaintiff." We agree with the trial court.

[1] Although OCGA § 33-7-11 (b) (1) (D) refers to " '[u]ninsured motor vehicle[s],' " the 1980 amendment to the statute extended the scope of the Code section to include underinsured vehicles. See *State Farm &c. Ins. Co. v. Hancock*, 164 Ga. App. 32, 33 (295 SE2d 359) (1982).

[2] (Punctuation omitted.) *Sanborn v. Farley*, 192 Ga. App. 376, 377 (385 SE2d 6) (1989).

The Travelers policy defined an "insured" as "[y]ou or any 'family member' [or] [a]ny other person 'occupying' 'your covered auto.'" Accordingly, as an occupant, Crafter's wife was an "insured" under Hopkins' insurance policy. It does not necessarily follow, however, that the policy's uninsured motorist benefits are available to her estate.

We construe every insurance contract according to the entirety of its terms.[3] When the language of a policy is unambiguous and capable of but one reasonable construction, we enforce the contract as written.[4] Although the Travelers policy treats occupants as insureds, it also provides that an "'uninsured motor vehicle' does not include any vehicle . . . [o]wned by or furnished for the regular use of you or any 'family member.'" Thus, under the express language of the policy, Hopkins' vehicle could not serve as the uninsured vehicle for the purpose of triggering entitlement to Hopkins' uninsured motorist benefits.

Moreover, Travelers paid the Crafter estate the limits of its liability policy. To allow the estate to recover uninsured motorist benefits under the same policy would be to permit a double recovery. Such a situation is analogous to the stacking of uninsured motorist benefits within a single policy, and "[a]s a general rule, there can be no stacking or pyramiding of the uninsured motorists provisions as single policy coverage of automobiles."[5] Accordingly, the uninsured motorist benefits from the Travelers policy were not available to the Crafter estate, and State Farm was not required to "stack" those benefits in calculating uninsured motorist benefits due. It follows that the trial court correctly concluded that, having paid $145,000 to the Crafter estate, State Farm owed no additional uninsured motorist benefits.[6]

Such result is consistent with the purpose of uninsured motorist legislation, which is not to make insureds whole, but "to place insureds in the same position they would be in relation to coverage if the tortfeasors causing the injuries had obtained at least the minimum prescribed liability insurance."[7] Thus, we affirm.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

---

[3] See *Cotton States &c. Ins. Co. v. Coleman*, 242 Ga. App. 531, 532 (530 SE2d 229) (2000).

[4] *Jenkins v. Lanigan*, 196 Ga. App. 424, 425 (1) (396 SE2d 28) (1990) ("'Where the language of a contract is plain and unambiguous, . . . no construction is required or even permissible.'").

[5] (Punctuation omitted.) Id. at 426 (2).

[6] The case cited by appellants, *Sanborn v. Farley*, supra, does not require a different result. Indeed, that case does not address the issue here — whether a claimant can recover both liability benefits and uninsured motorist benefits from the same policy.

[7] (Punctuation omitted.) *Young v. Maryland Cas. Co.*, 228 Ga. App. 388, 390 (491 SE2d 839) (1997).

DECIDED AUGUST 30, 2001 —
RECONSIDERATION DENIED SEPTEMBER 14, 2001 AND
RECONSIDERATION DISMISSED SEPTEMBER 25, 2001.

*Mullis, Marshall, Lindley & Powell, Gerald S. Mullis, Thomas W. Malone, S. Bradley Houck*, for appellants.

*Martin, Snow, Grant & Napier, Robert R. Gunn II, Thomas P. Allen III*, for appellee.