Peter SKIFSTROM, et al., Appellants (C4–94–1064),

Shawn Larsen, Appellant (C8–94–1245),

Mark McElyea, et al., Appellants (CX–94–1246),

v.

CITY OF COON RAPIDS, Respondent.

Nos. C4–94–1064, C8–94–1245 and CX–94–1246.

Court of Appeals of Minnesota.

Dec. 6, 1994.

Review Granted Feb. 3, 1995.

Douglas E. Schmidt, Wilbur W. Fluegel, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for appellants.

Diana Young Morrissey, Christin Eaton Garcia, Faegre & Benson, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and FORSBERG and DAVIES, JJ.

## OPINION

DAVIES, Judge.

In consolidated appeals, injured plaintiffs challenge the trial court's denial of preverdict interest on damages for past pain, disability, and emotional distress. We reverse.

## FACTS

Appellants Peter Skifstrom, Shawn Larsen, Mark McElyea, Joel Johnson, and Brian Wilebski were injured by exposure to an unlawful concentration of nitrogen dioxide in an arena owned by respondent City of Coon Rapids (City). The City admitted negligence. In three separate suits the juries awarded damages for, among other things, past pain, disability, and emotional distress. The trial court denied appellants' motions to add to the judgment preverdict interest on those portions of the awards. These appeals followed.

## ISSUE

■ Does Minn.Stat. § 549.09 (1992), which provides for preverdict interest on "pecuniary damages," apply to a damage award for past "pain, disability and emotional distress"?

## ANALYSIS

■ The construction of a statute is a question of law and therefore fully reviewable by this court. *Hibbing Educ. Ass'n v. Public Employment Rel. Bd.*, 369 N.W.2d 527, 529 (Minn.1985). When interpreting a statute we must "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1992). The "letter of the law" must be followed if the statutory language is "clear and free from all ambiguity." *Id.* But

[w]hen the literal meaning of a statute is not conclusive, or otherwise plain words result in ambiguity when applied to the subject matter, it is necessary to construe the meaning of the statute.

*Park Towers Ltd. Ptsp. v. County of Hennepin,* 498 N.W.2d 450, 454 (Minn.1993).

### A. Statutory Language

We first analyze the text of Minn.Stat. § 549.09, subd. 1(b) (1992), which provides that preverdict interest is recoverable on "pecuniary damages" subject, however, to certain exclusions.

### 1. "Pecuniary Damages"

Although the statute does not define "pecuniary damages," "pecuniary" is generally defined as "[m]onetary; relating to money; financial; consisting of money or that which can be valued in money." *Black's Law Dictionary* 1131 (6th ed. 1990). That is clear enough.

But section 549.09 provides for interest on pecuniary *damages,* and "damages" might refer to either (1) compensation for money losses such as medical expenses and lost wages, or (2) to all awards of money. In other words, "pecuniary damages" could mean either money *losses* or money *awards.*

At least one commentator has argued that "pecuniary damages" should be read broadly to encompass any judgment for the "recovery of money." Thomas E. Sanner, "Prejudgment Interest Legislation Passes," 9 *Minn.Trial Law.* 8, 9 & n. 7 (June 1984). Under this view, "pecuniary damages"—in contrast to "pecuniary losses"—would most likely include awards for such "general damages" as "pain and suffering." *Id.* at 9. "Pecuniary damages," if so read, would include a money award regardless of whether it compensates for economic losses.

Furthermore, the preverdict interest statute specifies that in calculating damages,

[t]he prevailing party shall receive interest on any judgment from the time of commencement of the action or a demand for arbitration, or the time of a written notice

of claim, *or as to special damages* from the time when special damages were incurred. Minn.Stat. § 549.09, subd. 1(b) (emphasis added). By distinguishing the method for calculating interest on "special damages" (usually meaning an award for economic losses), the statute implies that interest is also available for general damages such as those for pain and suffering.

Thus, up to this point, our textual analysis of section 549.09 suggests allowing prejudgment interest on awards for past pain, disability, and emotional distress. Now we turn to section 549.09's exclusions.

### 2. "Noncompensatory" Exclusions

The statute expressly excludes interest on "punitive damages, fines or other damages that are noncompensatory in nature." *Id.*, subd. 1(b)(3) (1992). Because damages for "pain, disability and emotional distress" are not "punitive" or a "fine," the issue is whether they are "noncompensatory" within the meaning of the exclusion. We agree with appellants that they are outside the exclusion.

The City apparently argues that by excluding "noncompensatory" damages, the legislature intended that "pecuniary damages" should be limited to special damages and therefore exclude the damages at issue. But damages are compensatory if they make up for hurt, whether it is economic (money loss) or noneconomic (pain, etc.). Thus, "noncompensatory" must be restricted to damages "punitive" in nature and the exclusion of "noncompensatory" damages would not disallow preverdict interest on damage awards for harm that, though noneconomic, is real, like pain and suffering.

Finally, we find it relevant that the legislature did not expressly define eligibility for preverdict interest by using familiar terms like "general damages" or "damages for pain and suffering" or "damages for emotional distress." "Exceptions expressed in a law shall be construed to exclude all others." Minn.Stat. § 645.19 (1992). Thus, the statutory enumeration of exclusions in section 549.09 precludes an implied exclusion for damages for "pain and suffering." Similarly, we note that the legislature did not affirmatively authorize preverdict interest only for "special damages" rather than for "pecuniary damages." [1]

### B. Legislative Purpose

■ The textual analysis, although persuasive, is less than conclusive. Accordingly we next consider the statute's purpose. Where the statutory language is not clear, courts may determine the legislature's intent by considering the statute's purpose. *Medica Primary v. Central States, S.E. & S.W. Areas Health & Welfare Fund*, 505 N.W.2d 589, 592 (Minn.1993).

Before the 1984 amendment of section 549.09

[a] plaintiff [was] entitled to prejudgment interest on a final judgment where the damages claim [was] liquidated, or, if unliquidated, "where the damages were readily ascertainable by computation or reference to generally recognized standards such as market value and not where the amount of damages depended upon contingencies or upon jury discretion (as in actions for personal injury or injury to reputation)."

*Summit Court, Inc. v. Northern States Power*, 354 N.W.2d 13, 16 (Minn.1984) (quoting *Potter v. Hartzell Propeller, Inc.*, 291 Minn. 513, 518, 189 N.W.2d 499, 504 (1971)).

After the 1984 amendment, however, the supreme court noted that the "ascertainability" of preverdict interest was not the determinative factor under the amended statute:

[S]ection 549.09 was amended to allow preverdict interest irrespective of a defendant's ability to ascertain the amount of damages for which he might be held liable.

*Lienhard v. State*, 431 N.W.2d 861, 865 (Minn.1988). This suggests that interest is available not only on ascertainable special damages but also on general damages such as those for pain and suffering.

---

**1.** The statute also excludes preverdict interest on "judgments for future damages." Minn.Stat. § 549.09, subd. 1(b)(2) (1992). But here the verdicts clearly distinguish damages for *past* "pain, disability and emotional distress" from damages for *future* "pain, disability and emotional distress" and interest is claimed only for past pain and distress.

The 1984 amendments were intended to promote settlements. *See generally* Patrick C. Diamond, "The Minnesota Prejudgment Interest Amendment," 69 *Minn.L.Rev.* 1401, 1409–10 (1985). It was believed that insurers and tortfeasors avoided settlement as long as possible, even where liability was certain, so as to retain assets in their investment portfolios. The interest obligation of the common law provided a motivation to settle with respect to "ascertainable" damages, but not as to general damages for pain and suffering, which, of course, constitute a substantial component of many damage awards. Imposing a preverdict interest obligation on damages for pain and suffering reduced the tortfeasors' and insurers' profit from delayed payment. The focus of the 1984 amendment to section 549.09 on the offers and counteroffers made in the process of seeking settlement suggests that the amendment was designed to encourage parties to settle. Only by making the interest obligation apply to the entire claim can this purpose be fully achieved.

## DECISION

The trial court erred in denying preverdict interest on damages for past pain, disability, and emotional distress.

Reversed.