BEAM, Circuit Judge,
concurring and dissenting.
I concur in the court’s opinion, except for its conclusion that Marvin is entitled to preverdict interest on unincurred damages. I very respectfully suggest that a plain reading of the preverdict interest statute indicates that interest may be assessed on damages only after they are actually incurred after commencement of the action. Accordingly, I dissent on that issue. And, for me this is not just an interesting analytical exercise. The court’s interpretation transfers, according to my calculations, nearly $14 million of PPG’s assets to Marvin simply because PPG had the temerity to submit an extremely close products liability question to the district court for its adjudication.
Resolution of the ■ preverdict interest matter turns on the interpretation of section 549.09 of the Minnesota statutes. Marvin argues that the proper interpretation is found in the plain language of the statute. I agree. Where I part company with Marvin and the court is on the issue of what the statute plainly says and how you properly construe existing Minnesota case law on the subject.
The district, court calculated interest on Marvin’s out-of-pocket costs, .past lost profits, and third-party litigation costs, declining to assess “interest” for any periods of time before the damages were actually incurred. I agree with that decision and would affirm the district court insofar as it assessed interest on damages from the time they were incurred after commencement of the action.
As the court notes, since the Minnesota Supreme Court has not specifically decided this issue, it falls to us to predict how that court would interpret the statute.- In so doing, we are bound by Minnesota’s rules of statutory interpretation. See Gershman v. Am. Cas. Co. of Reading, PA, 251 F.3d 1159, 1162 (8th Cir.2001). “If statutory language is plain and unambiguous, the court must look only to the plain meaning of the statutory language.” Boutin v. La-Fleur, 591 N.W.2d 711, 715 (Minn.1999). “Words and phrases are to be given their ordinary meaning.” State v. Larivee, 656 N.W.2d 226, 229 (Minn.2003), cert. denied, 540 U.S. 812, 124 S.Ct. 56, 157 L.Ed.2d 25 (2003); see also Minn.Stat. § 645.08 (providing, as a canon of statutory construction, that words are to be construed “according to their common and approved usage”). The statute provides that prever-dict interest on pecuniary damages is to be computed from the time of commencement of the action.[15]. There is nothing ambiguous about the words of the statute, so I believe the. Minnesota Supreme Court would simply apply their ordinary meaning.
The ordinary meaning of the statute’s reference to “pecuniary damages” has been clearly addressed by Minnesota courts. They are damages that are “ ‘[mjonetary; relating to money; financial; consisting of money or that which can be valued in money.’ ” Skifstrom v. City of Coon Rapids, 524 N.W.2d 294, 295 (Minn.Ct.App.1994) (quoting Black’s Law Dictionary 1131 (6th ed.1990)). The money damages Marvin seeks, no matter when they were incurred, are, of course, “pecuniary.”
What must be considered, however, is that section 549.09 is an interest statute. Interest is “a sum paid or charged for the use of money or for borrowing money.” *922 The Random House Dictionary of the English Language 993 (2d ed.1987) (emphasis added). Minnesota courts that have examined section 549.09 are in accord. “[P]re-verdict interest is compensation ‘allowed by law as additional damages for loss of use of the money due as damages.’ ” Lienhard v. State, 431 N.W.2d 861, 865 (Minn.1988) (quoting C. McCormick, Law of Damages § 50, at 205 (1935)) (emphasis added). Clearly, for PPG to have deprived Marvin of its use of the monies included in the damages award, Marvin must have been entitled to those funds. Marvin was simply not entitled to those amounts until it incurred damages for which it could hold PPG responsible. Before damages are incurred, they are only hypothetical, and I can find no instance of Minnesota law directing that “interest” be assessed on hypothetical damages. And to interpret section 549.09 to direct otherwise is to flout Minnesota rules of statutory interpretation. “In ascertaining the intention of the legislature the courts may be guided by the following presumptions: (1) The legislature does not intend a result that is absurd, impossible of execution, or unreasonable.” Minn.Stat. § 645.17(1). Charging interest on possible damages for a period of time before they even exist is, at best, unreasonable.
It is true that in Lienhard, the court declared that, in Minnesota, “pre-verdict interest is not conventional interest on a sum of money.” 431 N.W.2d at 865. But the court explained that this is so only in the sense that “such ‘interest’ cannot be calculated until the amount on which interest is allowed has been fixed by verdict.” Id. (emphasis added). Thus, the court in Lienhard recognized that prever-dict interest in Minnesota was unique not because it can be applied to unincurred damages, but because it can be applied to damages that have indeed been incurred, but remain unascertained in amount until a jury sets the sum.
The court correctly notes that under Minnesota law, section 549.09 serves two purposes: “(1) to compensate prevailing parties for the true cost of money damages incurred, and (2) to promote settlements when liability and damage amounts are fairly certain and deter attempts to benefit unfairly from delays inherent in litigation.” Solid Gold Realty, Inc. v. Mondry, 399 N.W.2d 681, 683 (Minn.Ct.App.1987). But today’s decision by the court is not true to the first purpose, and unnecessary for the second.
As to the first purpose, to award Marvin preverdict “interest” on unincurred damages does not compensate Marvin “for the true cost of money damages incurred.” Id. (emphasis added). Rather, as the court concedes, Marvin is over compensated, by an amount that does not represent any use or deprivation of money.
The second purpose is fully addressed by allowing interest to accrue on damages from the time they are incurred. All that remains under that scenario is an ultimate determination of amount. Interest assessed against this currently unknown and uncertain but ultimately ascertainable element is and will always be a persuasive factor in the calculus of whether a party wishes to proceed to trial. Thus, I am left with no reason to believe that my view of the plain meaning of the statute diminishes its power to promote early settlement.
The court references Skifstrom to note that the 1984 amendments to section 549.09 were intended to motivate settlement even where the amount of damages was unascertained. But the damages with which the court in Skifstrom dealt were not unincurred; they were merely unas-certained-that is, incurred, but not yet quantified. “The interest obligation of the common law provided a motivation to settle with respect to ‘ascertainable’ damages, but not as to general damages for pain *923 and suffering .... ” 524 N.W.2d at 297 (emphasis added). Pain and suffering damages are those that have certainly-been incurred as a part of the central claim in a case, but are not quantified until a jury determines their worth. It is that aspect of “unascertained” to which the court in Skifstrom was referring, and including unincurred damages under that case’s rationale, as the court does here, does not fit within the plain words of the statutory language.
Indeed, the court’s interpretation of section 549.09 exceeds what is necessary to encourage settlement. The resulting “surcharge” operates either to punish unsuccessful litigants for having resorted to the courts, or to charge them for use of the courts in order to discourage litigation. Either result, of course, raises problems under both the Minnesota and United States Constitutions. In Harrison v. Springdale Water & Sewer Commission, 780 F.2d 1422 (8th Cir.1986), we stated that
An individual’s constitutional right of access to the courts ‘cannot be impaired, either directly ... or indirectly, by threatening or harassing an [individual] in retaliation for filing [or defending] lawsuits.... ’ [S]tate officials may not take retaliatory action against an individual designed either to punish him for having exercised his constitutional right to seek judicial relief or to intimidate or chill his exercise of that right in the future.
Id. at 1427-28 (first and second alterations in original) (emphasis added). Since Minnesota case law commands that its courts “interpret statutes in a way that avoids constitutional problems,” Hince v. O’Keefe, 632 N.W.2d 577, 582 (Minn.2001), it is difficult to believe that the Minnesota Supreme Court would interpret section 549.09 in a way that raises these very serious concerns.
The Minnesota constitution guarantees that “[e]very person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive to his person, property or character, and to obtain justice freely and without purchase, completely and without denial, promptly and without delay, conformable to the laws.” Minn. Const. art. 1, § 8 (emphasis added). The First Amendment to the United States Constitution also guarantees access to the courts. “ ‘The right of petition is one of the freedoms protected by the Bill of Rights.’ ” Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972) (quoting E.R.R. Presidents Conference v. Noerr Motor Freight, 365 U.S. 127, 138, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961)). “The right of access to the courts is indeed but one aspect of the right of petition.” Id. “[T]he right to petition is ‘among the most precious of the liberties safeguarded by the Bill of Rights.’ ” Harrison, 780 F.2d at 1427 (quoting United Mine Workers of America, Dist. 12 v. Ill. State Bar Ass’n, 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967)). As such, “it has ‘a sanctity and a sanction not permitting dubious intrusions.’” Id. (quoting Thomas v. Collins, 323 U.S. 516, 530, 65 S.Ct. 315, 89 L.Ed. 430 (1945)). ‘“[A]ceess to the courts is a fundamental right of every citizen.’ ” Id. (quoting Inmates of the Neb. Penal and Corr. Complex v. Greenholtz, 436 F.Supp. 432 (D.Neb.1976)).
The court’s interpretation of the statute also implicates the Fifth Amendment Takings Clause. Absent any purpose of punishment for bringing a case or charging for the use of the courts, this surcharge is purely a government-enforced transfer of property (in this case, money) from one private party to another without any lawful basis for doing so. “The Fifth Amendment’s Takings Clause prevents the Legislature (and other government actors) from *924 depriving private persons of vested property rights except for a ‘public use’ and upon payment of ‘just compensation.’” Lynce v. Mathis, 519 U.S. 433, 440 n. 12, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997) (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 266, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)). “It applies to the States as well as the Federal Government.” Brown v. Legal Found. of Wash., 538 U.S. 216, 232 n. 6, 123 S.Ct. 1406, 155 L.Ed.2d 376 (2003). And “one person’s property may not be taken for the benefit of another private person without a justifying public purpose, even though compensation be paid.” Thompson v. Consol. Utils. Gas Corp., 300 U.S. 55, 80, 57 S.Ct. 364, 81 L.Ed. 510 (1937). Charging interest for damages that do not exist cannot be justified as either a public purpose or a valid private purpose enforceable through government action, here the United. States Courts.
“We interpret statutes to avoid serious constitutional problems, so long as the statutory language is fairly susceptible to a constitutional construction.” Planned Parenthood of Mid-Missouri and E. Kan., Inc. v. Dempsey, 167 F.3d 458, 463 (8th Cir.1999). The “constitutional construction” of which this statute is “fairly susceptible” allows preverdict interest to be assessed on damages only from the time they are incurred, not earlier.
Based on a plain reading of section 549.09 of the Minnesota statutes, Minnesota’s rules of statutory construction, Minnesota preverdict interest case law, and potential constitutional problems, I believe the correct pre-verdict interest calculation assesses interest from the time the. damage is incurred after commencement of the action. This comports with the statute’s dual purpose while avoiding constitutional infirmity. It is for these reasons that I would affirm the district court insofar as it assessed preverdict interest in this manner, and therefore must respectfully dissent from today’s decision by the court on that particular matter. I concur in all other respects.

. Special provisions for calculating interest apply where there have been written offers of settlement. Since there is no indication from the parties that any written offers were made in this case, those provisions are not useable.